UNITED STATES of America,
Plaintiff-Appellee,

v.

Manuel Glenn ABASCAL,
Defendant-Appellant.

No. 74–2227.

United States Court of Appeals,
Ninth Circuit.

Jan. 9, 1975.

Howard Moore, Jr. (argued), Berkeley, Cal., for defendant-appellant.

John J. Robinson, Jr., Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

Before KOELSCH and WALLACE, Circuit Judges and JAMESON,* District Judge.

## OPINION

JAMESON, District Judge:

Manuel Glenn Abascal appeals from a conviction for criminal contempt in violation of 18 U.S.C. § 401. The district court, pursuant to Rule 42(a) of the Federal Rules of Criminal Procedure, summarily found appellant guilty of contempt and imposed a ninety day sentence.

---

* Honorable W. J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

1. The statement read:

   "Mr. Abascal, it concerns me not whether you have any respect for me personally. However, I do demand respect for this court. I suggest that if you entertain any thoughts of becoming an attorney, you con-

### Background

The appellant was one of nine persons charged in a six count indictment with various offenses involving the illegal importation and possession of narcotics with the intent to distribute. At the time of the alleged contempt, appellant, who was free on bond, was attending a hearing before the district court on a motion made by one of his co-defendants. Appellant had come to the courthouse with his counsel to examine records in the clerk's office in connection with a separate motion on behalf of appellant. While his attorney was in the clerk's office, appellant entered the courtroom. Although he had apparently been asked to attend the hearing by counsel for the co-defendant, appellant was not directly involved in the proceedings nor was his presence in court required.

Court was recessed for fifteen minutes during the morning session. The clerk ordered those present to rise. Appellant remained slouched in his seat. When the court reconvened appellant was not present but subsequently returned. Noting appellant's conduct at the opening session, the judge had his secretary prepare a statement which he intended to read to appellant.[1]

At the noon recess, as the judge stood to leave the bench, the clerk ordered all to rise. At that moment counsel for appellant's co-defendant asked the judge a question which was quickly answered. The clerk again ordered "All rise". Everyone in the courtroom with the exception of the appellant rose. The following colloquy then occurred:

"The Court: Mr. Abascal, would you step forward, please?

"Defendant Abascal: (No response).

duct yourself accordingly while in the courtroom. This includes standing during the opening and closing of each court session. Your continued failure to do so will result in this court's order that except during the hearings involving yourself, you will absent yourself from the courtroom, along with such other sanctions as this court shall impose on you."

"The Court: Step forward, please.

"Defendant Abascal: Not without my counsel, sir.

"The Court: Mr. Cecil, he's in contempt of court. I've told him to step forward. He has refused to get out of his seat. Put him in jail."

That afternoon appellant, with his counsel, appeared before the court. Reviewing the incident of the morning, the judge stated that he had asked the appellant to step forward for the purpose of reading him the statement he had prepared. Appellant's counsel was given an opportunity to comment. Following the remarks of his counsel, appellant stated:

"I'd like to address the Court and state that, as an institution, I meant no disrespect to the Court and that I required or requested for my fundamental legal right that my counsel be present before I be brought up in front of the Court".

The court termed appellant's conduct "insolent" and held that it "interfered with the judicial process in that it was a direct affront to the dignity of this court". Relying on Rule 42(a), the 90 day sentence was imposed. Following the hearing, the judge filed a formal Certificate of Contempt as required by Rule 42(a). In the Certificate he held that the appellant's failure "to step forward and his willfully remaining slouched in his seat while being personally addressed" were contemptuous and that he had seen and heard this contemptuous behavior which took place in the actual presence of the court.

## Contentions on Appeal

Appellant contends that (1) his refusal to step forward when requested by the court at the noon recess did not interfere with the administration of justice and therefore was not contemptuous; (2) the court should have warned him that his conduct could subject him to criminal penalties; (3) the summary contempt procedure of Rule 42(a) was inappropriate; and (4) there was a likelihood of prejudice on the part of the trial judge rendering him unable to fairly adjudicate the matter of appellant's contempt.

### Contempt—18 U.S.C. § 401

18 U.S.C. § 401 empowers Federal courts

". . . to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as—

(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice; . . ."

The allegedly contemptuous behavior consisted of appellant's "twice refusing to step forward and his willfully remaining slouched in his seat while being personally addressed" by the court. Appellant contends that this behavior did not constitute an actual obstruction to justice and therefore was not contemptuous within the meaning of 18 U.S.C. § 401. Ex Parte Hudgings, 249 U.S. 378, 383, 39 S.Ct. 337, 63 L.Ed. 656 (1919). We cannot agree.

It is true that the courts have questioned whether the trial court may require spectators "to perform purely ceremonial or symbolic acts." Where, however, "such an act is accompanied by some disturbance, disorder or interruption, an obstruction may exist". In re Dellinger, 461 F.2d 389, 401 (7 Cir. 1972).[2] Here we are concerned with more than merely the observance of the formality of rising at the end of a court session. Appellant defied a clear order directed to him personally by the court. The ability of a trial judge to compel obedience to his orders is fundamental to the proper functioning of our system of justice. Whether a person be directly involved in a judicial proceeding or simply a mere spectator, he is subject to all reasonable orders of the court, even those given at the end of a court session. We conclude that appellant's refusal to step forward combined with his apparent disrespect for the court as manifested by his courtroom demeanor constituted an

2. See also United States ex rel. Robson v. Malone, 412 F.2d 848, 850 (7 Cir. 1969).

obstruction to the administration of justice punishable under 18 U.S.C. § 401.

### Necessity of Warning

■ Appellant contends that the court committed reversible error in failing to warn appellant that he would be held in criminal contempt if he refused to step forward. We cannot agree. Under certain circumstances, this court and other courts have determined that a warning is necessary before a court may impose criminal penalties, Yates v. United States, 227 F.2d 848, 851 (9 Cir. 1955) and Daschbach v. United States, 254 F.2d 687, 692 (9 Cir. 1958), or deprive a person of his constitutional rights, Illinois v. Allen, 397 U.S. 337, 350, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (Brennan, J., concurring). Those cases, however, are factually distinguishable.[3] We have not been cited nor have we found a case which, under circumstances like these, would require a court to give a warning before citing a person for criminal con-

tempt. Although we consider that a warning would have been appropriate,[4] we cannot hold that the failure to warn constituted reversible error.

### Applicability of Rule 42(a)

Rule 42 of the Federal Rules of Criminal Procedure prescribes the procedures to be followed in dealing with criminal contempt. Subdivision (a) provides for summary disposition[5] and subdivision (b) for disposition upon notice and hearing.[6] Here the district court summarily punished appellant pursuant to 42(a).

■ 42(b) provides the "normal procedure" for adjudicating contempt. Harris v. United States, 382 U.S. 162, 165, 86 S.Ct. 352, 15 L.Ed.2d 240 (1965). Because the Due Process requirements of notice and hearing need not be observed in punishing contempt under 42(a), its application is "narrowly limited". In re Oliver, 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948).[7] In Harris, supra, 382

---

**3.** In both *Yates* and *Daschbach,* this court held that witnesses, who had been held in civil contempt for refusing to answer questions at the command of the court, could not later be subjected to criminal contempt sanctions unless they had been warned that criminal penalties in addition to the civil contempt measures might be imposed for their failure to answer. In Illinois v. Allen, the Court was not concerned with a contempt charge but rather with the removal of a disruptive defendant from the courtroom.

**4.** The ABA Standards for Criminal Justice, Function of the Trial Judge, Sec. 712 states:
"No sanction other than censure should be imposed by the trial judge unless
(i) it is clear from the identity of the offender and the character of his acts that disruptive conduct was willfully contemptuous, or
(ii) *the conduct warranting the sanction was preceded by a clear warning that the conduct is impermissible and that specified sanctions may be imposed for its repetition."* (Emphasis added).
The ABA Advisory Committee on the Judge's Function in its commentary on this standard stated in relevant part:
"A prior warning is desirable before punishing all but flagrant contempts. A warning may be effective in preventing further disorder and is therefore preferable to sanctions as a first step. It also assures both the court and the public that subsequent misconduct will be willfully contemptuous and deserving of punishment."

**5.** Rule 42(a) provides:
"A criminal contempt may be punished summarily if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court. The order of contempt shall recite the facts and shall be signed by the judge and entered of record."

**6.** Rule 42(b) provides in pertinent part:
"A criminal contempt except as provided in subdivision (a) of this rule shall be prosecuted on notice. The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the criminal contempt charged and described it as such."

**7.** The ABA Standards for Criminal Justice, Function of the Trial Judge, Sec. 7.4 states that "Before imposing any punishment for criminal contempt, the judge should give the offender notice of the charges and at least a summary opportunity to adduce evidence or argument relevant to guilt or punishment". The Advisory Committee's commentary on this section states in relevant part:
"Although there is authority that in-court contempts can be punished without notice of charges or an opportunity to be heard, Ex parte Terry, 128 U.S. 289 [9 S.Ct. 77, 32 L.Ed. 405] (1888), such a procedure has little to commend it, is inconsistent with the basic notions of fairness, and is likely to bring disrespect upon the court. Accordingly, notice and at least a brief oppor-

U.S. at 164, 86 S.Ct. at 354, the Court stated:

"Rule 42(a) was reserved 'for exceptional circumstances,' Brown v. United States, 359 U.S. 41, 54, 79 S.Ct. 539, 548, [3 L.Ed.2d 609] (dissenting opinion), such as acts threatening the judge or disrupting a hearing or obstructing court proceedings. *Ibid.* We reach that conclusion in light of 'the concern long demonstrated by both Congress and this Court over the possible abuse of the contempt power,' *ibid.,* and in light of the wording of the Rule. Summary contempt is for 'misbehavior' (Ex parte Terry, 128 U.S. 289, 314, 9 S.Ct. 77, 83, 32 L.Ed. 405) in the 'actual presence of the Court.' Then speedy punishment may be necessary in order to achieve 'summary vindication of the court's dignity and authority' Cooke v. United States, 267 U.S. 517, 534, 45 S.Ct. 390, 394, 69 L.Ed. 767."

■ The Court has consistently stressed that the "need for immediate penal vindication of the dignity of the court" is the basis for Rule 42(a). *Cooke, supra* at 536, 45 S.Ct. at 395.[8] Even though the "misconduct [occurs] in open court, in the presence of the judge, [and] disturbs the court's business" and "all of the essential elements of the misconduct are under the eye of the court" and "are actually observed by the court", it must appear also that "immediate punishment is essential to prevent 'demoralization of the court's authority * . * * before the public.' " In re Oliver, *supra,* 333 U.S. at 275, 68 S.Ct. at 509.

■ While the appellant's refusal to step forward when ordered by the judge may have been contemptuous, it does not appear that it was necessary for the court to order immediate incarceration. The Supreme Court has consistently held that "the limits of the power to punish for contempt are '[t]he least possible power adequate to the end proposed.' " *Harris, supra,* 382 U.S. at 165, 86 S.Ct. at 354. Appellant's misbehavior occurred after court had been recessed and while the judge was leaving the bench. Less drastic alternatives were available. If the judge deemed punishment by imprisonment necessary, the procedure outlined in Rule 42(b) should have been followed.[9]

Appellee contends that this case is controlled by Comstock v. United States, 419 F.2d 1128 (9 Cir. 1969) wherein this court upheld a contempt conviction pursuant to Rule 42(a). In our opinion *Comstock* is factually ·distinguishable. There the defendant refused to rise when the adjournment of the court was announced. "He was admonished to rise. He refused. He was directed by the judge to approach the bench. He refused. When the Marshal took him by the arm and forcibly led him to the bench he went limp and as the court addressed him lay prostrate on the floor. At a subsequent court session the judge sentenced him to 15 days for contempt of court." *Id.* at 1131. In *Comstock* the party charged with contempt was the defendant in the proceeding and his disobedience of the court command was followed by an actual disturbance in the courtroom. Here, the appellant was not directly involved in the proceeding and

---

tunity to be heard should be afforded as a matter of course."

**8.** As stated in *Cooke, supra* at 536, 45 S.Ct. at 395, with respect to summary contempt procedures:

"Punishment without issue or trial was so contrary to the usual and ordinarily indispensable hearing before judgment, constituting due process that the assumption that the court saw everything that went on in open court was required to justify the exception; but the need for immediate penal

vindication of the dignity of the court created it."

**9.** The brief hearing following the initial incarceration of the appellant does not render what would otherwise be an improper exercise of the summary contempt powers constitutionally permissible. A reading of the transcript of the hearing indicates that the purpose of the hearing was simply to impose sentence. Appellant's guilt had already been determined.

there was no disturbance of the nature involved in *Comstock.*

### Punishment

■ Assuming arguendo, that the appellant's conduct justified summary punishment pursuant to Rule 42(a), in our opinion the sentence imposed was excessive. Courts have discretion in punishing contemptuous conduct; but as the Supreme Court has stated:

> "The 'discretion' to punish vested in the District Courts by § 401 is not an unbridled discretion. Appellate courts have here a special responsibility for determining that the power is not abused, to be exercised if necessary by revising themselves the sentences imposed. This Court has in past cases taken pains to emphasize its concern with the use to which the sentencing power has occasionally been put, both by remanding for reconsideration of contempt sentences in light of factors it deemed important, . . . and by itself modifying such sentences." Green v. United States, 356 U.S. 165, 188, 78 S.Ct. 632, 645, 2 L.Ed.2d 672 (1958).

*See* United States v. United Mine Workers, 330 U.S. 258, 302–306, 67 S.Ct. 677, 91 L.Ed. 884 (1947).

In Robson v. Malone, *supra* the court vacated a sentence imposed on two spectators who failed to rise when ordered to do so by the bailiff at the beginning and end of a court session. A sentence of thirty days had been imposed on one spectator and a sentence of ten days on the other. In vacating the sentences, the court noted that the failure to rise was not accompanied by any other disturbance in the courtroom. Stressing that the "contempt power is to be limited to 'the least possible power adequate to the end proposed'" the court concluded:

> "Our careful evaluation of the record convinces us that due enforcement of

the court's requirement that all rise required no more in these particular circumstances than was accomplished by the exclusion of appellants from the court room, and their being held in custody for four hours and two and one-half hours respectively." 412 F.2d at 850–851.

Here, as in *Robson,* no other disturbance accompanied appellant's refusal to step forward. Under these circumstances we conclude that the ninety day sentence was excessive. Appellant has already served two weeks of the sentence.[10] Due enforcement of the requirement that the trial judge's orders be obeyed has been accomplished by the time that the appellant has already served.

In summary we conclude that (1) appellant's misbehavior was contemptuous and punishable under 18 U.S.C. § 401; but (2) did not constitute "exceptional circumstances" requiring "immediate penal vindication of the dignity of the court" pursuant to Rule 42(a); and (3) the remainder of the sentence of imprisonment should be vacated.

Remanded for vacation of remainder of sentence.

WALLACE, Circuit Judge, (concurring):

I concur with the majority except for the last section of the opinion entitled "Punishment" and the vacation of the remainder of the sentence imposed. The district court should be left free to hold a hearing pursuant to Rule 42(b). If it does so, a new penalty may be imposed. Such a hearing may produce evidence which would be relevant to whether the imposition of a new contempt sentence requires modification. I cannot make that judgment before the Rule 42(b) hearing. Therefore, I would reverse merely on the basis that the district court proceeded upon Rule 42(a) instead of Rule 42(b).

---

10. The district court denied motions for a stay pending appeal and for release on bail.

On July 1, 1974 this court granted appellant's application for release on bail.