[No. 49203-4. En Banc. April 7, 1983.]

DARRELL E. LEE LAW OFFICE, *Appellant,* v. THE STATE OF WASHINGTON, ET AL, *Respondents.*

*William K. Thayer* (of *Lee, Thayer & Schauermann*), for appellant.

*Kenneth O. Eikenberry, Attorney General, Edward B. Mackie, Chief Deputy, Arthur D. Curtis, Prosecuting Attorney,* and *Linda Langsdorf Johnson, Civil Deputy,* for respondents.

PER CURIAM.—Plaintiff law firm appeals the trial court's dismissal of its action claiming attorney fees for indigent appeals in addition to those awarded by this court.

The dispositive issue before us is whether an attorney appointed to represent an indigent criminal appellant may maintain in superior court an action claiming that the amount of compensation awarded by this court for the attorney's services was unreasonably low. We hold that the trial court properly concluded it had no jurisdiction to entertain such an action.

The action was initiated by an amended complaint filed June 25, 1981. The complaint alleged that Steven W. Thayer, an attorney of plaintiff law firm, was appointed to represent the indigent defendant in two appeals of criminal convictions. In the first appeal, *State v. Cliff,* 25 Wn. App.

1048 (1980), plaintiff submitted to Clark County a bill for $4,000.44 for fees and costs on appeal. Plaintiff was awarded $1,831.24 as reasonable attorney fees by order of this court. In the second appeal, *State v. Rodacker,* 28 Wn. App. 1005 (1980), plaintiff submitted a bill for $2,888.40 in fees and $55.72 in costs. Plaintiff was awarded $1,255 and $30.72 as costs by order of this court.

The complaint further alleged that a balance of $2,169.20 in the *Cliff* case and $1,658.40 in the *Rodacker* case remained owing to plaintiff. Proper demand was made by plaintiff and refused by both County and State.

Plaintiff claimed that the failure to pay the demanded fees constituted both breach of contract and a violation of RCW 49.52.050(2). Plaintiff demanded damages of $3,827.60, double damages pursuant to RCW 49.52.050(2) and 49.52.070, and attorney fees and costs incurred in this action.

The State and County filed answers to the complaint on July 9, 1981. An affidavit of John J. Champagne, then Clerk of this court, was filed with the State's answer. This affidavit indicates that plaintiff law firm was awarded attorney fees at the standard rate applied at the time. The fee award in each appeal was approved by a panel of this court.

Apparently, an oral motion to dismiss the complaint was made and granted orally on July 10, 1981. Plaintiff moved the court to reconsider this decision. The essence of plaintiff's argument was that this court had

> attempted to ignore its own rules, case law, and legislative declarations which mandate payment of reasonable compensation simply because of inadequate funding. A party aggrieved by the Supreme Court's failure to command payment of what is properly due and owing has a constitutional right to trial by jury in Superior Court . . .

The trial court entered an order of dismissal on July 31, 1981. Plaintiff's appeal to the Court of Appeals was certified to this court.

The statute authorizing attorney fees in indigent appeals is RCW 4.88.330, which provides:

When a party has been judicially determined to have a constitutional right to obtain a review and to be unable by reason of poverty to procure counsel to perfect the review all costs necessarily incident to the proper consideration of the review including preparation of the record, reasonable fees for court appointed counsel to be determined by the supreme court, and actual travel expenses of counsel for appearance in the supreme court or court of appeals, shall be paid by the state. Upon satisfaction of requirements established by supreme court rules and submission of appropriate vouchers to the clerk of the supreme court, payment shall be made from funds specifically appropriated by the legislature for that purpose.

Plaintiff recognizes that this statute authorizes this court to make the determination as to reasonableness, but argues that the determination as to reasonableness should be made without consideration of the availability of funds. Plaintiff claims

it appears that the Supreme Court is acting under the mistaken belief that it is supposed to take whatever money has been appropriated by the legislature for a particular period, even if that funding is an inadequate amount, and divide the same amongst the reasonable claims of all attorneys. What the statute clearly compels, however, is that the Supreme Court recognize the reasonable claims of all attorneys and periodically report back to the legislature as may be necessary to allow the reasonable claims of all attorneys to be paid in full.

According to plaintiff, an action in damages may be maintained in superior court for this court's failure to comply with this procedure.

Plaintiff claims to find support for this remarkable proposition in cases decided under RCW 10.01.110, the predecessor of RCW 4.88.330. That statute provided for fees of appointed counsel to be paid by the county. The trial court had a broad discretion in determining reasonable fees under RCW 10.01.110. *State v. Mempa*, 78 Wn.2d 530, 477 P.2d 178 (1970). In exercising this discretion the trial court was directed by this court to consider a number of factors:

Factors, of course, which should go into a consideration

of the amount to be awarded are the amount of time and effort expended, the nature and extent of the services rendered, the fees paid for similar services in other jurisdictions, the prevailing bar association fee schedules, the traditional responsibilities of the legal profession, *the amount of public funds made available for such purposes, and a judicious respect for the taxpaying public as well as the needs of the accused.*

(Italics ours.) 78 Wn.2d at 536.

At least two fee awards by trial courts under RCW 10.01.110 were reversed for abuse of this discretion: *State v. McKenney,* 20 Wn. App. 797, 582 P.2d 573 (1978); *State v. Lehirondelle,* 15 Wn. App. 502, 550 P.2d 33 (1976). Plaintiff argues from these cases that this court's failure to consider the factors set forth in CPR DR 2–106(B)(1)–(8) (which are similar to the factors noted in *Mempa*) constitutes an abuse of discretion which is subject to review by the superior court.

■ Decisions of this court are not subject to review by the superior court. Const. art. 4, §§ 4, 6. Nothing in RCW 4.88.330, its predecessor RCW 10.01.110, or the cases decided thereunder supports a contrary conclusion. The trial court was correct in dismissing the complaint.

■ Plaintiff also argues that the county from which an appeal originates should be liable for fees to the extent they are not paid by the State. This argument is without merit. It fails to recognize that RCW 4.88.330 imposes upon the State the sole responsibility for funding indigent appeals. The statute clearly does not permit an argument that the county can also be liable.

The trial court is affirmed.