UNITED STATES of America,
Plaintiff/Appellee,

v.

Darrell E. LEE, Defendant/Appellant.

No. 83–3017.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 8, 1983.

Decided Nov. 17, 1983.

William Redkey, Asst. U.S. Atty., Seattle, Wash., for plaintiff-appellee.

Darrell E. Lee, Lee, Thayer & Schauermann, Vancouver, Wash., for defendant-appellant.

Before WRIGHT, PREGERSON and FERGUSON, Circuit Judges.

FERGUSON, Circuit Judge:

On this appeal the questions are whether an attorney who filed a motion for substitution of counsel with supporting documents committed criminal contempt of court in the presence of the court and whether the procedure by which he was found in contempt and sentenced was in error. Because we find that Mr. Lee did not commit contemptuous acts in the presence of the court, we hold that the district court improperly imposed punishment summarily. Mr. Lee's conviction is reversed.

FACTS

On December 9, 1982, William Thayer, an employee of the defendant, was appointed to represent one of nineteen American Indian defendants indicted for conspiracy to violate federal fish and game laws. In response to this appointment, Mr. Thayer moved to withdraw from the case, and Darrell Lee, the defendant, filed a motion for substitution of counsel. Mr. Lee stated that (1) his employee was not qualified to adequately represent his assigned client due to his limited trial experience and lack of knowledge of Indian law and (2) this representation would be an unacceptable financial burden on him and his employee.

In support of his motion, Mr. Lee stated that his employee had been refused the use of Mr. Lee's law office, staff, or equipment for the preparation of his case, or for meeting his client. In the event they attempted to meet in the law office, Mr. Lee threatened to have both the attorney and his client charged with trespassing, and if a

lengthy trial ensued, Mr. Lee threatened to fire Mr. Thayer. In further support of his motion, Mr. Lee stated that the compensation available for appointed representation was not reasonable and that therefore his employee would be unable to adequately prepare a defense for his client. Rather than see the indigent defendant "sold out and forced to plead guilty or speed through the system" due to undercompensated counsel, Mr. Lee asked that the court excuse Mr. Thayer or substitute his office on an issue other than the main issue in the nineteen-defendant suit.

The district judge relieved Mr. Thayer of his appointment on February 9, 1983 during oral argument on several motions filed in the underlying suit. At the same time, the judge ordered Mr. Thayer to appear with his employer, Mr. Lee, the following day on an order to show cause why they should not be held in criminal contempt for willfully interfering with the court's order appointing Mr. Thayer as counsel for the indigent client.

Both Mr. Lee and Mr. Thayer appeared in court on February 10. Mr. Lee was orally charged with "knowing contumacious obstruction of justice, interference with Mr. Thayer's appointed duties to represent his client," in violation of 18 U.S.C. §§ 401(1) and (3). The charge was based, the court said, on the argument and affidavit Mr. Lee filed in support of his motion for substitution of counsel. Mr. Lee stated several times that he did not know what he was being charged with or what acts of his constituted contempt. He requested written notice of the charges and a jury trial, which were denied. The court did ask Mr. Lee if he wanted a continuance so he could hire counsel. Mr. Lee replied that he would represent himself, but added that he did not wish to proceed at the time. Nonetheless, the court proceeded.

Mr. Lee offered two defenses to the charge. The first, "that I cannot conceive of anything that I have done that is contemptuous to this court, and the second is, what I have done is comply under the duty I have sworn to, to bring to your Honor's attention the fact that the canons of ethics are being violated, and a change should be made to uphold the rights of a criminal defendant." Mr. Lee also averred to other possible defenses, which he was "not prepared to set forth at this time, in light of the fact that I have not been served, or given adequate time to defend after being served with written notification of exactly what it is that I have done to incur your wrath."

Judge Tanner then cited Rule 42(a) of the Federal Rules of Criminal Procedure authorizing summary disposition of certain criminal contempts. Following the language of the rule, Judge Tanner said: "I, sir, find and so certify that your motion, affidavit and argument is within the hearing and the presence of the Court .... You brought yourself before this court, .... So under 42(a) I am certifying that you have in my hearing and presence committed contempt of court by obstruction of justice."

Judge Tanner rejected Mr. Lee's defenses, and found him guilty of criminal contempt. He imposed a sentence of twenty-four hours' imprisonment, and denied bail. Mr. Lee has served his sentence, but appeals the conviction.

DISCUSSION

On appeal, Mr. Lee asserts that the court improperly followed the summary procedure authorized in Fed.R.Crim.P. 42(a) in finding him in contempt of court and sentencing him. Rule 42 establishes two procedures for the adjudication of criminal contempt. Under Rule 42(a), a judge may summarily punish criminal contempt "if the judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the presence of the court." Any other conduct constituting contempt is to be tried upon notice, "allowing a reasonable time for the preparation of the defense, and ... [stating] the essential facts constituting the criminal contempt charged." Fed.R.Crim.P. 42(b). For conduct to be punishable as contempt, it must fall within the definition of criminal contempt found in 18 U.S.C. § 401. *See Unit-*

ed States v. Powers, 629 F.2d 619, 624 (9th Cir.1980).

### 1. Summary Disposition Pursuant to Fed. R.Crim.P. 42(a).

■ The two absolute prerequisites to summary disposition of a charge of contempt are that the judge see and hear the contemptuous behavior and that it be committed in the actual presence of the court. *In re Gustafson,* 650 F.2d 1017, 1021 (9th Cir.1981) (en banc). Pursuant to Rule 42(a), Judge Tanner stated in his "Certificate of Contempt" that he saw and heard Mr. Lee's contemptuous conduct in the actual presence of the court. However, because the certificate of contempt did not explicitly state its factual basis or that a summary procedure was necessary, we must independently evaluate the need for summary procedures. *Id.* at 1023.

■ "Summary contempt proceedings are unique to criminal procedure: the otherwise inconsistent functions of prosecutor, jury, and judge are united in one individual. Courts have long noted the manifest potential for abuse." *In re Gustafson,* 650 F.2d at 1022. The requirement that contempt be committed in the presence of the court is designed to limit summary dispositions to cases in which an ongoing proceeding is disrupted or frustrated and the authority of the court must be immediately asserted to restore order. *See United States v. Wilson,* 421 U.S. 309, 318–19, 95 S.Ct. 1802, 1807–08, 44 L.Ed.2d 186 (1975). If the alleged contempt was not committed in open court, where the judge would have personal and direct knowledge of it, it may be punished only after the due process requirements of notice, a reasonable time to prepare a defense, and a hearing are afforded. *Cooke v. United States,* 267 U.S. 517, 537, 45 S.Ct. 390, 395, 69 L.Ed. 767 (1925); Fed.R.Crim.P. 42(b); *United States v. Powers,* 629 F.2d at 625.

### Misbehavior in the Court's Presence, 18 U.S.C. § 401(1).

■ Assuming that the motion for substitution of counsel and the supporting documents, wherein Mr. Lee detailed his intended "obstruction" of the appointment order, were in themselves contemptuous, the contempt was not committed in "open court." In *Cooke,* 267 U.S. at 534, 45 S.Ct. at 394, the Court reversed a summary punishment of contempt imposed upon an attorney who had sent a letter to the judge's chambers which was "personally derogatory to the judge" while proceedings were pending before him. Although the letter was assumed to be contemptuous, the summary procedure was improperly invoked because the objectionable words had not been uttered in open court. *Id.* The Court emphasized that summary proceedings, "so contrary to the usual and ordinarily indispensable hearing before judgment, constituting due process," *id.* at 536, 45 S.Ct. at 395, could be justified only to preserve order in the courtroom in the face of disturbance, violence, obstruction, or disrespect. *Id.* at 534, 45 S.Ct. at 394. None of these concerns is implicated when the contempt occurs beyond the courtroom. A written motion, authorized by law, *see* Fed.R.Civ.P. 8(a) and Model Rules of Professional Conduct, Rule 6.2 (1983), and not ordinarily read aloud in open court, does not present the affront to the dignity or operation of the court which summary criminal contempt proceedings are designed to punish. *See Cooke,* 267 U.S. at 539, 45 S.Ct. at 396; *In re Gustafson,* 650 F.2d at 1023; *United States v. Abascal,* 509 F.2d 752 (9th Cir.), *cert. denied,* 422 U.S. 1027, 95 S.Ct. 2621, 45 L.Ed.2d 684 (1975). Nor can it fall within the statutory definition of contempt as misbehavior *in the court's presence* which obstructs the administration of justice. 18 U.S.C. § 401(1) (emphasis added).

### Resistance to Court Order, 18 U.S.C. § 401(3).

■ Similarly, if the contempt conviction was founded on Mr. Lee's interference with or resistance to the court's order appointing Mr. Thayer as counsel (18 U.S.C. § 401(3)), it cannot properly be disposed of summarily. The acts constituting the alleged resistance to the appointment order

are (1) the filing of the motion for substitution of counsel, and (2) Mr. Lee's statement that Mr. Thayer could not use his facilities to represent his client. First, as Mr. Lee repeatedly pointed out, the decision whether the appointment would continue was with the court—Mr. Lee simply filed a motion suggesting substitution. Such a motion is authorized by court rules, Fed.R.Civ.P. 8(a), and cannot in itself constitute "disobedience or resistance" to the court's order under 18 U.S.C. § 401(3). Second, if the "disobedience and resistance" referred to the actions Mr. Lee described and threatened in his supporting documents, they clearly could not have been seen or heard by the judge. Mr. Lee's office was in Vancouver, Washington—130 miles from the courthouse—and obviously not in the court's presence. *See In re Allis,* 531 F.2d 1391, 1392 (9th Cir.), *cert. denied,* 429 U.S. 900, 97 S.Ct. 267, 50 L.Ed.2d 185 (1976). In cases of misbehavior, disobedience, or resistance when the judge cannot have personal knowledge of facts indicating contempt, and he is informed thereof only by confession of the party, or by testimony under oath of others, the proper practice is to give the accused notice of the charges and an opportunity to defend. *Cooke v. United States,* 267 U.S. at 535, 45 S.Ct. at 394, (quoting *Savin, Petitioner,* 131 U.S. 267, 9 S.Ct. 699, 33 L.Ed. 150 (1889)). Even where the contemptuous conduct is described in the defendant's own hand, questions of intent, exculpation or mitigation require a hearing upon proper notice. *See Cooke,* 267 U.S. at 537, 45 S.Ct. at 395; *cf. In re Kirk,* 641 F.2d 684, 687–88 (9th Cir.1981).

Judge Tanner incorrectly stated that Mr. Lee committed contempt in the presence of the court. Neither of the statutory definitions of criminal contempt relied upon by Judge Tanner describe any act committed by Mr. Lee in the court's presence. Thus, the summary disposition authorized in Rule 42(a) was not available in this case.

**2. Did Procedure Used Comport with Fed. R.Crim.P. 42(b)?**

The government argues that even if this case does not fall within Rule 42(a), the procedure actually followed comports with the notice and hearing requirements of Rule 42(b). We have examined the procedure followed by the district court to determine whether it met the requirements of Rule 42(b), *In re Allis,* 531 F.2d at 1392–93; and we conclude that the procedure was in fact summary. The court failed to adequately preserve Mr. Lee's statutory and due process rights to notice, a reasonable time to prepare his defense, and a hearing.

Judge Tanner gave Mr. Lee oral notice of the charges against him in open court when he appeared as ordered via Mr. Thayer. Mr. Lee was not advised of the charges and their factual basis prior to arriving at court as summoned. Such a procedure has been disapproved with the admonition that the defendant should be notified of at least the nature of the contempt charged when summoned to court. *Cooke v. United States,* 267 U.S. at 537, 45 S.Ct. at 395.

Furthermore, the notice read to the defendant in open court failed to "state the essential facts constituting the criminal contempt charged and [to] describe it as such," as required by Rule 42(b). The oral order of contempt stated as its basis violations of Title 18, sections 401(1) and (3) of the United States Code. No facts were specified other than a reference to the motion to substitute counsel and the supporting documents. Moreover, the transcript of the proceedings reveals that Mr. Lee was confused as to just what acts were contemptuous. In order for notice to be adequate, "there must be some indication that the defendant is aware that a criminal contempt is charged" and that he knows the basis of the charge. *United States v. Rylander,* 714 F.2d 996 (9th Cir.1983).

Additionally, Mr. Lee was not given a "reasonable time for the preparation of the defense." Fed.R.Crim.P. 42(b). Whether the time allowed was reasonable depends on the circumstances of the particular case. *United States v. Robinson,* 449 F.2d 925, 931 (9th Cir.1971). Here Mr. Lee chose to represent himself and the court chose to proceed immediately despite the fact that several factual and legal issues existed. Mr.

Lee raised questions regarding the competence of appointed counsel, the burden of the appointment and the adequacy of compensation. These are issues of "some complexity," requiring more than mere momentary reflection. *See United States v. Alter,* 482 F.2d 1016, 1023 (9th Cir.1973). Factual questions concerning Mr. Lee's actual interference with the appointment similarly required out-of-court preparation. This is not a case where the alleged contempt is simple and no defense is offered. *See In re Allis,* 531 F.2d 1391 (9th Cir.1976).

The hearing afforded Mr. Lee did not satisfy the due process requirement that it be "at a meaningful time and in a meaningful manner." *United States v. Alter,* 482 F.2d at 1024 (quoting *Goldberg v. Kelly,* 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970)). Mr. Lee was given no notice of the charge prior to appearing before the court, no opportunity to prepare a factual or legal defense, and no opportunity to present evidence or call witnesses before the sentence was imposed. Such a procedure does not comport with the basic due process requirements. *Cooke v. United States,* 267 U.S. at 537, 45 S.Ct. at 395; *United States v. Abascal,* 509 F.2d at 756 n. 9.

■ Finally, although the sentence has been served, the case is not moot as a criminal conviction has collateral consequences. *Pennsylvania v. Mimms,* 434 U.S. 106, 108 n. 3, 98 S.Ct. 330, 332 n. 3, 54 L.Ed.2d 331 (1977). This is particularly true for an attorney convicted of criminal contempt of court, whose professional status may be affected by the conviction.

The conviction is REVERSED.

EUGENE A. WRIGHT, Senior Circuit Judge, concurring:

I concur but write separately to note an aspect of this case not discussed by the majority. I address Lee's bitter complaints about the fees paid to counsel appointed to represent indigents in federal court. *See also Darrell E. Lee Law Office v. State,* 99 Wash.2d 270, 661 P.2d 136 (1983).

Lee says that reasonable compensation is necessary to ensure adequate representation of indigents. He contends that financial hardship will cause appointed counsel to represent clients less diligently. He says that inadequate compensation constitutes a breach of the Code of Professional Responsibility, by making the appointed attorney's financial interests adverse to those of the client.

Lee's contentions fly in the face of the ethical standards of the legal profession.

> When a lawyer is appointed by a court . . . to undertake representation of a person unable to obtain counsel [for financial reasons], he should not seek to be excused from undertaking the representation except for compelling reasons.

Wash.Code of Professional Responsibility EC 2–29.

He has ignored the oath taken on admission to the Washington State Bar:

> I will never reject, from any consideration personal to myself, the cause of the defenseless or oppressed, or delay any man's cause for lucre or malice.

Wash.Rev.Code § 2.48.210.

An appointed attorney's financial interests do not outweigh the interests of indigent clients in legal representation.