[Nos. 30881-5-I; 31050-0-I;   Division One.   November 9, 1992.]
   31154-9-I.

THE CITY OF MOUNT VERNON, *Petitioner,* v. GARY M. WESTON, *Respondent.*

THE CITY OF MOUNT VERNON, *Petitioner,* v. JOSE M. SORIANO, *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. WAYNE NORRIS, *Respondent.*

---

412

*Lin Smith, City Attorney,* and *James W. Nelson, Assistant; Michael E. Rickert, Prosecuting Attorney,* and *James W. Nelson, Special Deputy,* for petitioners.

*Marilyn McLean* of *Public Defender of Mt. Vernon* and *Michael R. Wahl* of *Skagit County Public Defender's Office; Robert C. Boruchowitz* of *The Defender Association,* for respondents.

PER CURIAM. — The defendants in these three cases seek discretionary review of similar superior court rulings and raise the identical issue: whether the Superior Court erred in entering an order of indigency determining that the defendant was entitled to further representation at public expense, but denying the motion of the public defender to withdraw and to appoint substitute counsel. The State and the City of Mount Vernon also seek discretionary review in two of the three cases. A commissioner has referred these and several related motions to a panel of judges. We grant the defendants' motions for discretionary review, consolidate the cases for review, accelerate review pursuant to RAP 18.12, and reverse.[1]

Following a RALJ appeal, each of the three defendants filed a notice for discretionary review in this court. Pursuant to RAP 15.2(a), each defendant then filed a motion for an order of indigency and supporting affidavits in the superior court. In each case, the superior court judge signed the order of indigency, which provided for further representation at public expense, but struck that portion of the order permitting the county and city public defenders to withdraw and substituting the Washington Appellate Defender Association (WADA) as counsel in the Court of Appeals.

---

[1]The Washington Appellate Defender Association has filed an amicus brief in support of the defendants' motions for discretionary review.

In each case, the public defender who had represented the defendant at trial and during the RALJ appeal sought to withdraw on the basis that he or she did not have the time, expertise, and resources to provide representation past the RALJ stage. Citing "proper judicial administration and savings of tax dollars", the judge in one of the cases explained his denial of the motion to withdraw as follows:

> I think the burden should be on local counsel to handle these [cases]. They know the issues to appeal them. They know the case better than WADA and they have been through it at the local level, and it seems to me it's a simple matter for someone in your position to put this case together on appeal.

■ The defendants first contend that the Superior Court's refusal to permit the public defenders to withdraw violated their constitutional right to effective assistance of counsel and that the rulings therefore raise a significant question of constitutional law. RAP 2.3(d)(2). However, we do not reach the merits of the constitutional arguments since we find that the undisputed evidence in the record fails to support the Superior Court's stated reasons for denying the motion to withdraw. *See State v. Smith*, 104 Wn.2d 497, 505, 707 P.2d 1306 (1985) (court will not reach constitutional issue if case can be resolved on nonconstitutional grounds).

■ RAP 15.2(f) provides that the trial court "shall determine questions relating to the appointment and withdrawal of counsel for an indigent party on review[.]" The ruling on the public defender's motion to withdraw was therefore within the discretion of the trial court and will be reviewed only for a manifest abuse of discretion. A trial court abuses its discretion when the ruling is manifestly unreasonable or based on untenable grounds. *Hizey v. Carpenter*, 119 Wn.2d 251, 268, 830 P.2d 646 (1992).

■ The primary basis for the Superior Court's decision was its belief that the local public defender would be able to undertake further appellate representation at some overall savings to the taxpayers of this state. The court's references to "double payments" and "county" funds, however, indicate that it was mistaken about both the source of funds for indigent representation in the Court of Appeals and Supreme Court follow-

ing a RALJ appeal and the procedure for the disbursement of those funds. It is undisputed that no county funds are involved in the further representation of the three defendants here. In an uncontroverted affidavit submitted below, the director of the Skagit County Public Defenders Office stated that his office has never been funded or staffed to provide appellate representation in the Court of Appeals or in the Supreme Court. *See also Darrell E. Lee Law Office v. State*, 99 Wn.2d 270, 274, 661 P.2d 136 (1983) (RCW 4.88.330 places sole responsibility for funding indigent appeals on State).

An attorney appointed to represent an indigent in any Washington appellate court is compensated pursuant to a schedule established by the Supreme Court. The Supreme Court administers and disburses funds authorized by the Legislature. The Superior Court reasoned that because the public defender was already familiar with the case, he or she would spend fewer hours preparing a subsequent appeal than would new counsel. However, the court's analysis mistakenly assumed that compensation for further appellate representation would be based on the number of hours spent on a case. Pursuant to the schedule established by the Supreme Court, however, most cases are compensated on a per-case basis, including motions for discretionary review granted or denied in the Court of Appeals. Consequently, the cost of further appellate representation to the taxpayers will generally be the same, whether the case is handled by the public defender, some other local counsel, or by WADA.

In addition, the rationale for the Superior Court's decision rests on the assumption that the public defender who represents a defendant at trial and on a RALJ appeal will have the time to continue that representation in the Court of Appeals. The evidence was undisputed, however, that the public defenders here were operating with caseload levels in excess of those endorsed by the American Bar Association, by the Washington State Bar Association, and by the Skagit County Code. *See* RCW 10.101.030 (standards endorsed by Washington State Bar Association may serve as guidelines for counties and cities contracting for public defense services). There

was no contention below that these caseload guidelines were inappropriate or inapplicable. The Superior Court's only comment in this regard was that the prosecutor's office was required to handle subsequent review without additional resources. However, the resources available to the prosecutor's office were not part of the record and, in any event, would be irrelevant for purposes of defense counsel's motion to withdraw. Under these circumstances, the Superior Court's assumption that the public defenders had the time to undertake further representation following a RALJ appeal finds no support in the record.

It is evident that the Superior Court was justifiably concerned about the efficient allocation of limited resources. However, the court's stated reasons for denying the motions to withdraw are untenable because they are not supported by the undisputed facts in the record. The decision rested on a mistaken understanding of the procedures for funding indigent appeals, on an irrelevant assumption regarding the resources available to the prosecutor's office, and on a failure to consider the undisputed evidence of the high caseloads of the public defenders. Under these circumstances, the denial of the motion to withdraw and substitute new counsel was an abuse of discretion. Those portions of the orders of indigency denying the motion to withdraw are reversed.

■ In State v. Norris the State has filed a motion for discretionary review of the order of indigency on the basis that the Superior Court lacked authority to appoint counsel at public expense for further review following a RALJ appeal. Initially, we note that it is not apparent how the State has standing to raise this argument in the context of a challenge to the order of indigency. In any event, the State's argument fails to address the procedures adopted by the Supreme Court to allocate the funds appropriated by the Legislature for indigent appeals. In entering the order of indigency, the Superior Court was acting pursuant to rules promulgated by the Supreme Court. The State has made no showing that the Supreme Court lacks authority to allocate the appropriated funds in a manner that, the State asserts, exceeds minimum

constitutional requirements. On this record, the State's arguments and citation to authority fail to establish any ground warranting discretionary review. Accordingly, the motion for discretionary review is denied.

■ In Mount Vernon v. Weston, the City of Mount Vernon has filed a motion to enlarge the time in which to file a motion for discretionary review. Such a motion will be granted only "in extraordinary circumstances and to prevent a gross miscarriage of justice[.]" RAP 18.8(b). The City has failed to identify any extraordinary circumstances here. *See Reichelt v. Raymark Indus., Inc.*, 52 Wn. App. 763, 764 P.2d 653 (1988). Accordingly, the motion to enlarge time is denied.[2]

The portions of the orders of indigency denying the motions to withdraw are reversed; the cases are remanded for the entry of orders granting the public defenders' motions to withdraw and substituting new counsel.

Review denied as to Norris at 121 Wn.2d 1024 (1993).

---

[2]The City's motion to strike the response of amicus curiae to its motion to enlarge time is granted.