[No. 13835-6-III.   Division Three.   November 2, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES R. HOLLAND, *Appellant*.

*Eric M. Christianson*, for appellant.

*Gary Riesen, Prosecuting Attorney*, and *Douglas J. Shae, Deputy*, for respondent.

MUNSON, J. — James Holland appeals the sentence imposed after he pleaded guilty to two counts of first-degree child molestation. RCW 9A.44.083. He contends the requirement he submit to polygraph testing as a condition of his community placement is not authorized by law and violates his Fifth Amendment right not to be compelled to give evidence against himself. We agree on statutory grounds, do not decide the constitutional issue, and strike the condition requiring submission to a polygraph examination.

Mr. Holland was charged with three counts of first-degree child molestation based on acts which occurred during 1988. He pleaded guilty to two counts on November 16, 1992. Under the special sex offender sentencing alternative, RCW 9.94A.120(7)(a), he received a suspended sentence of 41 months' incarceration, was placed on community supervision, and required to undergo outpatient sex offender treatment for 36 months. As a condition of community supervision, the court required Mr. Holland to submit to polygraph testing. He did not object to the polygraph as a condition of the community supervision.

■ In January 1994, the court found Mr. Holland had not participated in sex offender treatment and imposed 41 months of concurrent terms of incarceration. RCW 9.94A.120(7)(a)(v) and .120(8). As a condition of postincarceration community placement, the amended sentence required him to submit to polygraph testing "to determine compliance with conditions." The sentencing order also prohibited him from having unsupervised contact with children under the age of 18, required him to participate in crime-related treatment, and obtain prior approval of his choice of residence. He contends the court exceeded its authority in imposing a requirement that he submit to polygraph testing as a condition of community placement.[1]

The sentencing court may order an offender to comply with crime-related prohibitions as part of a community placement sentence. RCW 9.94A.120(8)(c). Crime-related

---

[1]The State argues Mr. Holland waived his right to object to the polygraph requirement when he failed to object to its inclusion as an element of community supervision. The condition to which he objects was imposed as part of community placement pursuant to RCW 9.94A.120(8). Community placement and community supervision are separate distinct sentencing terms. *See* RCW 9.94A.030(5) and (7). A defendant's failure to object to a condition of community supervision may be the result of considerations inapplicable to community placement. The community supervision was part of a sentencing alternative to incarceration and Mr. Holland may have considered the benefits of this alternative program outweighed any objection to the polygraph requirement. When a similar condition was made part of mandatory community placement after confinement, different considerations apply. Mr. Holland's failure to object to a polygraph as a condition of community supervision did not waive any objection to the requirement as part of community placement.

prohibition is defined as "an order of a court prohibiting conduct that directly relates to the circumstances of the crime for which the offender has been convicted, and shall not be construed to mean orders directing an offender affirmatively to participate in rehabilitative programs or to otherwise perform affirmative conduct." RCW 9.94A.030(11).

*State v. Flores-Moreno*, 72 Wn. App. 733, 738, 866 P.2d 648, *review denied*, 124 Wn.2d 1009 (1994) held a condition of community placement which required the offender to " 'submit to . . . polygraph test at discretion of C.C.O.' " was not a crime-related prohibition because it required the offender to submit to a polygraph test "on any and all subjects." *Flores-Moreno*, 72 Wn. App. at 746. Here, the order requires Mr. Holland to submit to a polygraph examination "to determine compliance with conditions." The court would have no control over the questions which might be asked in the polygraph examination and thus ensure the subject matter would be crime related.

■ The *Flores-Moreno* decision suggests a narrowly drawn polygraph requirement could satisfy the statute. The statement is dicta and does not reflect a close reading of the statutory definition of "crime-related prohibition" which expressly excludes an order which requires the offender to "perform affirmative conduct." RCW 9.94A.030(11). *State v. Parramore*, 53 Wn. App. 527, 768 P.2d 530 (1989) held requiring an offender to submit to urinalysis for the purpose of monitoring compliance with crime-related prohibition was authorized by the statute. The court reasoned: "Submission to urinalysis is merely passive, uncommitted conduct." *Parramore*, 53 Wn. App. at 532. A polygraph examination involves giving oral responses to several questions. Submitting to such an examination is not passive uncommitted conduct. The polygraph examination requirement is not authorized by statute and must be stricken.

■ Mr. Holland contends the condition of community placement requiring him to submit to a polygraph exami-

nation as to his compliance with other conditions violates his Fifth Amendment right not to incriminate himself. The Fifth Amendment provides "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." *Malloy v. Hogan*, 378 U.S. 1, 84 S. Ct. 1489, 12 L. Ed. 2d 653 (1964). Use of an offender's involuntary statements at a sentencing hearing has been held violative of Fifth Amendment protection. *See State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986). Because we reverse the polygraph requirement on statutory grounds, we do not reach the constitutional issue. *See In re J.B.S.*, 123 Wn.2d 1, 7, 863 P.2d 1344 (1993); *State v. Speaks*, 119 Wn.2d 204, 207, 829 P.2d 1096 (1992); *City of Mt. Vernon v. Weston*, 68 Wn. App. 411, 414, 844 P.2d 438 (1992), *review denied*, 121 Wn.2d 1024 (1993).

The portion of the order requiring Mr. Holland to submit to a polygraph examination is reversed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.