[Nos. 60945-4; 60953-5; En Banc. July 13, 1995.] 60949-7.

*In re Dependency of* TAMMY GROVE *and* JOSHUA GROVE, JIM GROVE, *Petitioner*, v. THE STATE OF WASHINGTON, *Respondent.*

*In re Detention of* RONALD LANE PETERSON, *Petitioner*, v. THE STATE OF WASHINGTON, *Respondent.*

CHARLES SMITH, *Petitioner*, v. NATIONAL SEMICONDUCTOR CORPORATION, *Respondent.*

*Jim Grove* and *Suzanne Lee Elliott* of *Washington Appellate Defender Association*, for petitioner Grove.

*Honorable Christine Gregoire, Attorney General, Marie Westermeier, Assistant*, for respondent State of Washington.

*Bernadette Foley* and *David B. Hirsch* of *Public Defender Association*, for petitioner Peterson.

*Honorable Norm Maleng, King County Prosecutor, Michael J. Lang, Deputy*, for respondent State of Washington, King County.

*Christine O. Gregoire, Attorney General, Nancy T. Day, Assistant*, for respondent Department of Labor and Industry.

*Charles Smith* and *Leslie O. Stomsvik*, for Petitioner Smith.

*Charles D. Broderick* and *Carl J. Marquardt*, for respondent National Semiconductor Corporation.

*Christine O. Gregoire, Attorney General, John R. Wasberg, Assistant*, for respondent Department of Labor and Industry.

GUY, J. — With these three consolidated cases, we begin

the process of clarifying the standard to be applied in determining when an indigent litigant's civil appeal will be funded by the State of Washington.

This court has not published an opinion in this area since 1977, just one year after RAP 15.2, our procedural court rule governing public funding of appeals, became effective.[1] Since that time, action on the part of this state's Legislature has reshaped the law affecting indigent litigants. Because RAP 15.2 has not kept pace with these changes, some confusion exists with respect to when litigants in civil cases have a right to appeal at public expense.

We asked for briefing and argument on these three motions for expenditure of public funds in order to explain when indigent civil litigants in these specific kinds of cases are entitled to appeal at public expense.

Each of the parties seeking review here has been determined to be indigent, and each has asked this court to approve public payment of the expenses which are necessarily incident to appellate review. Additionally, they have asked that counsel be appointed to represent them on appeal at public expense.

In *In re Grove*, the first of the three cases we now examine, the petitioner is the father of two children who are the subject of a juvenile court dependency action.[2] Under RCW 13.34, this state's dependency statute, a parent has a right to be represented by counsel at all stages of the proceeding and, if indigent, to have counsel appointed by the court. RCW 13.34.090. A parent also has the right to appeal the disposition decision which follows the finding

---

[1] RAP 15.2 went into effect on July 1, 1976. 86 Wn.2d 1133, 1230-33 (1977). It was followed in May 1977 by *In re Lewis*, 88 Wn.2d 556, 564 P.2d 328 (1977), which set forth the law governing public funding of indigent appeals.

[2] In a dependency action, the court determines whether a child is "dependent" due to abandonment, abuse, neglect or for some other reason set forth in RCW 13.34.030(4). If a child is found to be dependent, the court must enter an order of disposition providing for the protection of the child.

of dependency. RAP 2.2(a)(5). The issues before us in this dependency case are the following:[3]

(1) Where the Legislature has provided a statutory right to counsel at "all stages of a proceeding", is there a right to counsel on an appeal of right?

(2) If a right to counsel on appeal exists, does it include the right to public funding of the expenses necessary to adequately present the appeal?

In *In re Peterson*, the second case, the State filed a petition pursuant to the sexually violent predator act, RCW 71.09, alleging that Ronald Lane Peterson was a sexually violent predator and asking that he be transferred from a correctional facility to an appropriate facility for evaluation. A person accused under the sexually violent predator act has a statutory right to counsel at "all stages of the proceedings", and counsel will be appointed for indigent parties. RCW 71.09.050. After the trial court found probable cause to believe Peterson was a sexually violent predator, the court ordered that he be transferred to a special commitment center for evaluation and further that he remain at that center until trial. Peterson filed a motion for discretionary review of the trial court's interlocutory order.

The issue in this second case is whether a right to appeal at public expense includes the right to move for discretionary review of an interlocutory trial court order.

In *Smith v. National Semiconductor Corp.*, the third case, a worker seeks review of a jury verdict which resulted in the termination of worker compensation benefits. There is no statutory or constitutional right to counsel in this case. The only interest at stake is a financial one.

The issue in this third case is whether a civil litigant, who has an alleged property interest which is threatened

---

[3]The substantive issues to be decided by the appellate court on review, including whether the issues on appeal are moot, are not before us in this preappeal motion.

by a private party, has a right to appeal at public expense solely because he or she is indigent.

■ Increasingly, the cost of civil litigation weighs against easy access to our courts. The question of who pays for the efficient use of the appellate system is a difficult one. Where fundamental constitutional rights are not threatened, the answer to this question properly belongs with the Legislature. It is the Legislature that has the power to tax, the power to appropriate funds, and that is answerable to the public for the expenditure of taxes collected. Because public resources are limited and the number of indigent *criminal* cases is high,[4] the State is forced to prioritize those cases in which the public will be required to fund *civil* appeals.[5]

STATUTORY RIGHTS TO PUBLIC FUNDING OF CIVIL APPEALS

We first turn to the two motions considered here in which the request for public funding is based on a statutory right to counsel at "all stages of the proceedings". This right has been granted by the Legislature in these

---

[4]Funding of indigent criminal appeals is not at issue in this case.

[5]Public funds for all indigent appeals, both civil and criminal, are disbursed from the Indigent Defense Fund, a fund appropriated by the Legislature. The moneys from the fund are administered and disbursed pursuant to a schedule established by this court. *Mount Vernon v. Weston*, 68 Wn. App. 411, 415, 844 P.2d 438 (1992), *review denied*, 121 Wn.2d 1024 (1993).

A task force was appointed by the Legislature in 1988 to examine the funding of indigent cases in both the trial and appellate courts in Washington. Laws of 1988, ch. 156; Laws of 1989, ch. 409, § 6. The task force's findings included the following: (1) Washington is in the top five states in terms of indigent cases per 1,000 population, (2) the indigency rate per criminal filing exceeds that of virtually every other state in the nation, and (3) high caseloads and inadequate compensation threaten the quality of representation. 1989 Indigent Defense Services in Washington Final Report, at 92-98 (on file with the Office of the Administrator for the Courts of Washington).

Additionally, the amount budgeted for indigent appeals has increased substantially each year for the past several years. The amount budgeted for indigent appeals for the 1993-95 biennium is $9.82 million. Laws of 1993, 1st Sp. Sess., ch. 24, § 113, p. 2901. The amount budgeted for similar appeals during the 1989-91 biennium was $5,013,000. *See, e.g.*, 1989 Appellate Indigent Defense System Review, at 17 (a report prepared for the Indigent Defense Task Force and the Office of the Administrator for the Courts of Washington on file with the Office of the Administrator for the Courts of Washington).

two cases, one a dependency case and the other an action under the sexually violent predator act.[6]

Again, the issues are as follows:

1. Where the Legislature has provided a statutory right to counsel at "all stages of a proceeding", is there a right to counsel on an appeal of right?

2. If a right to counsel on appeal exists, does it include the right to public funding of the expenses necessary to adequately present the appeal?

3. Does the right to appeal at public expense include the right to move for discretionary review of an interlocutory trial court order?

Our current procedure for determining when an indigent civil litigant should be permitted to appeal at public expense is governed by *In re Lewis*, 88 Wn.2d 556, 564 P.2d 328 (1977), our most recent opinion on the issue, and by RAP 15.2.

*In re Lewis*, a 1977 four-person departmental decision, held:

> Equal protection requires the state to provide appointed counsel for appeal and a right of appeal at public expense *in those classes of cases in which indigents are entitled to appointed counsel at the trial level and a right of appeal is provided.* This principle was developed in criminal cases but it applies to other disputes involving matters of such a fundamental nature as to require appointment of counsel at the trial level, such as juvenile delinquency proceedings and proceedings concerning possible permanent deprivation of parental rights.

---

[6]The right to counsel examined here is grounded in statute. RCW 13.34 (dependency cases); RCW 71.09 (sexually violent predator act). We, therefore, find it unnecessary to engage in an analysis of any parallel constitutional right. Whether litigants involved in these kinds of actions also would have a *constitutional* right to counsel is not before us. We note, however, that this court has determined that an indigent parent in a dependency action has a constitutional right to counsel at trial at public expense. *In re Myricks*, 85 Wn.2d 252, 255, 533 P.2d 841 (1975); but see *Lassiter v. Department of Social Servs.*, 452 U.S. 18, 31, 68 L. Ed. 2d 640, 101 S. Ct. 2153 (1981) (right to counsel in child termination proceedings is guaranteed by the federal constitution only in limited circumstances). We also have held there is a constitutional right to counsel in a civil proceeding which may result in the defendant being physically incarcerated. *Tetro v. Tetro*, 86 Wn.2d 252, 254-55, 544 P.2d 17 (1975).

. . . Where issues of a less fundamental nature are involved, the right to pursue remedies at public expense is considerably more limited. In such cases, in addition to establishing indigency and good faith, the moving party has an obligation to allege facts and cite authority demonstrating that the appeal is well taken and a miscarriage of justice has occurred. Upon such a showing the court may exercise its inherent power to waive fees; however, it is not required that the state supply counsel.

(Italics ours. Citations omitted.) *In re Lewis*, 88 Wn.2d at 558-59.

Under the *In re Lewis* holding there are two classes of indigent civil appellants. First are those who have a right to counsel at trial and a right to appeal. *In re Lewis* holds these appellants have a right to public funding of their appeals, including the right to appointed counsel. Second are those involved in all other civil cases. *In re Lewis* holds that, in this latter class (cases where the issue is of a less fundamental nature), public funding of an appeal is discretionary with this court and is based on a showing that the appeal is taken in good faith, has merit and that it is necessary to correct a miscarriage of justice. *In re Lewis*, at 559.

Our court rule, RAP 15.2, is not entirely consistent with *In re Lewis*; it provides:

(a) **Motion for Order of Indigency.** A party seeking review partially or wholly at public expense must move in the trial court for an order of indigency . . . . If the case is a civil case which does not involve a termination of parental rights or a disposition in a juvenile offense proceeding, the party must also demonstrate . . . that the issues the party wants reviewed have probable merit and that the party has a constitutional right to review partially or wholly at public expense.

(b) **Action by Superior Court.** The superior court shall decide the motion for an order of indigency, after a hearing if the circumstances warrant, as follows:

(1) *Denial Generally.* The superior court shall deny the motion if a party has adequate means to pay all of the expenses of review. . . .

(2) *Cases Involving Crimes, Parental Rights, Juvenile Offenses.* In a criminal case, a case involving a termination of parental rights, or a case involving a disposition in a juvenile offense proceeding, the superior court shall grant the motion and enter an order of indigency if the party seeking public funds is unable by reason of poverty to pay for all or some of the expenses of appellate review.

(3) *Other Civil Cases.* If the case is a civil case which does not involve a termination of parental rights or a disposition in a juvenile offense proceeding and if the party is unable by reason of poverty to pay for all of the expenses of review, the superior court shall enter findings of indigency . . . . The findings shall conclude with an order to the clerk of the superior court to promptly transmit to the Supreme Court, without charge to the moving party, the findings of indigency, the motion for an order of indigency, the affidavit in support of the motion, and all other papers submitted in support of or in opposition to the motion. The superior court clerk shall promptly transmit to the Supreme Court the papers designated in the findings of indigency.

(c) **Action by Supreme Court.** If findings of indigency and other papers relating to the motion for an order of indigency are transmitted to the Supreme Court, the Supreme Court will determine whether an order of indigency in that case should be entered by the superior court. The determination will be made by a department of the Supreme Court on a regular motion day without oral argument and based only on the papers transmitted to the Supreme Court by the superior court clerk, unless the Supreme Court directs otherwise. *If the Supreme Court determines that the party is seeking review in good faith, that an issue of probable merit is presented, and that the party is entitled under the state or federal constitution to review partially or wholly at public expense, the Supreme Court will enter an order directing the trial court to enter an order of indigency.* In all other cases, the Supreme Court will enter an order denying the party's motion for an order of indigency. . . .

(Italics ours.) RAP 15.2(a)-(c).

Under RAP 15.2, therefore, an indigent appellant is entitled to public funding of an appeal, including appointed counsel, if the case is a criminal or juvenile offender proceeding or if it involves the termination of

parental rights. In all other civil cases—regardless of what rights the constitution or Legislature have bestowed on litigants—RAP 15.2 requires an indigent civil litigant to prove: (1) the appeal is brought in good faith, (2) the issues to be reviewed have probable merit, and (3) a state or federal *constitutional* right to appeal at public expense exists.

This standard conflicts with legislation which recognizes that an indigent litigant may have a *statutory* right to counsel on appeal based solely on the nature of the proceeding and on the fact of indigency.

For example, the dependency statute, RCW 13.34, under which the appellant in the Grove case was granted a right to counsel at trial, provides:

> At *all stages of a proceeding in which a child is alleged to be dependent* pursuant to RCW 13.34.030(2), the child's parent, guardian, or legal custodian has the right to be represented by counsel, and if indigent, to have counsel appointed for him or her by the court. Unless waived in court, counsel shall be provided to the child's parent, guardian, or legal custodian, if such person (a) has appeared in the proceeding or requested the court to appoint counsel and (b) is financially unable to obtain counsel because of indigency as defined in chapter 10.101 RCW.

(Italics ours.) RCW 13.34.090(2).

In RCW 10.101, a statute setting forth the guidelines to be used by our courts to determine indigency, our Legislature further explained its position on public funding of counsel for indigent litigants. Although none of the parties involved in the cases before us have cited RCW 10.101, it contains the clearest expression of legislative intent on this subject. RCW 10.101.005 sets forth the Legislature's finding as follows:

> The legislature finds that effective legal representation should be provided for indigent persons and persons who are indigent and able to contribute, consistent with the constitutional requirements of fairness, equal protection, and due process *in all cases where the right to counsel attaches.*

(Italics ours.)

██ ██ While RCW 10.101 does not create a substantive right to counsel in specific cases, it does express the Legislature's determination that public policy is best served by providing effective legal representation to indigent litigants in all cases in which there is a right to counsel. RCW 10.101 does not limit its effect to those cases in which a *constitutional*, as opposed to a *statutory*, right to counsel attaches, but by its terms clearly includes those cases in which the Legislature has itself determined that counsel should be provided to indigent litigants at public expense. *See, e.g.*, RCW 10.101.020(1) (providing that a "determination of indigency shall be made for all persons wishing the appointment of counsel in criminal, juvenile, involuntary commitment, and dependency cases, and *any other case* where the right to counsel attaches". (Italics ours.)).

The Legislature also intended that the policy expressed in RCW 10.101 should apply to the various stages of a court proceeding, including the appellate stage. RCW 10.101.010(1) (in general, an "indigent" person is one who, "at any stage of a court proceeding", is unable to pay the anticipated cost of counsel for representation); *see also* 51st Legislative Session of Washington, Final Report (1989) (evidencing the legislative concern with inconsistent indigent defense policies in the different divisions of the Court of Appeals).

██ Thus, under the policy expressed in RCW 10.101, if there is a *statutory* right to counsel "at all stages" of a particular court proceeding, that right should include representation through an appeal as of right.

██ Accordingly, we hold that indigent civil litigants who have a statutory right to counsel at all stages of the proceeding have a right to counsel on an appeal of right. These litigants need not prove a constitutional right to appeal at public expense nor prove the probable merit of their claims in order to appeal at public expense.

We now turn to the question of whether the costs incidental to an appeal, such as the filing fee, expenses re-

lated to the preparation of the report of proceedings and clerk's papers, and the cost of reproducing briefs, should be paid for by public funds in cases where the indigent litigant has a statutory right to counsel.[7]

Here, the Legislature expressed its findings and its policy by stating that the legal representation to be afforded indigents in cases where a right to counsel attaches should be "*effective* legal representation". (Italics ours.) RCW 10.101.005. Effective representation requires an adequate record on appeal as well as the ability to file a notice of appeal and to present the case to the appellate court. *See, e.g., Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585, 55 A.L.R.2d 1055 (1956) (trial court transcript must be provided an indigent criminal appellant when necessary for adequate review); *Draper v. Washington*, 372 U.S. 487, 496, 9 L. Ed. 2d 899, 83 S. Ct. 774 (1963) (state required to supply adequate record on review of criminal case, where state provided appeal).

The right to counsel without a corresponding right to present a record to the reviewing court is an empty right. The Legislature's intent, as evidenced from its finding that indigent litigants who have a right to counsel should have "*effective* legal representation", would be thwarted were we to hold that the statutory right to counsel on appeal did not include the instruments necessary to permit effective presentation of the issues on appeal.

■ We therefore hold that RCW 10.101.005, finding that persons who are indigent and who have a right to counsel should have effective legal representation, contemplates the public payment of expenses and fees necessary to

---

[7]Transcripts of trial court proceedings may be paid for by the State in instances where "a party has been judicially determined to have a *constitutional* right to a transcript and to be unable by reason of poverty to pay for such transcript". (Italics ours.) RCW 2.32.240. Further, "[w]hen a party has been judicially determined to have a *constitutional* right to obtain a review and to be unable by reason of poverty" to retain counsel and to pay the costs necessary for proper review, the State will pay the costs of counsel and the costs necessary to properly consider the appeal. (Italics ours.) RCW 4.88.330. Because the right to public funding of the two appeals involved here is based on statute, we do not reach the constitutional question.

provide an adequate record to the appellate court and to present the appeal.

Next considering whether this statutory right to counsel and public funding of costs on appeal includes the right to move for discretionary review of a trial court's interlocutory order and, in those instances where the motion is granted, a right to public funding of the discretionary review, we hold as follows.[8]

Our appellate court procedural rules provide two methods of seeking review of trial court decisions. One is review as a matter of right, called an "appeal", and the other is review by permission of the reviewing court, called "discretionary review". RAP 2.1(a). RAP 15.2 provides a method of asking for public funding of appellate court actions to any "party seeking review partially or wholly at public expense". RAP 15.2(a). RAP 15.2 is not limited to those who seek review as a matter of right.

A party moving for discretionary review of an interlocutory trial court order bears a heavy burden. In such cases discretionary review will be granted *only*:

(1) If the superior court has committed an obvious error which would render further proceedings useless; or

(2) If the superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act; or

(3) If the superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court.

RAP 2.3(b). During the past five years fewer than 10

---

[8]Because the cases before us are decided pursuant to statutory rights, we do not reach the issue whether a constitutional right to appeal at public expense includes the right to move for discretionary review of an interlocutory trial court decision. We note the United States Supreme Court has held that, in criminal cases, there is no federal constitutional right to counsel when moving for discretionary review after an appeal of right. *Ross v. Moffitt*, 417 U.S. 600, 612, 41 L. Ed. 2d 341, 94 S. Ct. 2437 (1974).

percent of the motions for discretionary review filed in the Court of Appeals in this state have been granted. 1993 Report of the Courts of Washington, at 58 (on file with the Office of the Administrator for the Courts of Washington).

As noted above, RCW 10.101 recognizes a right to effective legal representation at "any stage of a court proceeding". This broad language differs from that contained in other statutes dealing with the same subject matter. For example, RCW 4.88.330 provides for public payment of an indigent litigant's expenses on appeal only where the litigant "has been judicially determined to have a constitutional right to obtain a review".

■ We hold that the legislative finding set forth in RCW 10.101.005 indicates that the Legislature contemplated public funding of appellate review, including motions for discretionary review of interlocutory trial court orders, in those cases where the indigent litigant has a statutory right to counsel at all stages of the proceeding.

It is the Legislature's prerogative, as the taxing and appropriating branch of government, to determine what actions other than those which are constitutionally mandated will be publicly funded.

■ To conclude, if there is a statutory right to counsel at all stages of the court proceeding, then, under the policy expressed in RCW 10.101, that right includes a right to counsel on appeal and for the purpose of filing a motion for discretionary review. This right to counsel further contemplates a right to public funding of expenses necessarily incident to effective appellate review. To the extent it conflicts with this decision, *In re Lewis*, 88 Wn.2d 556, 564 P.2d 328 (1977), is overruled. To the extent RAP 15.2 requires proof beyond that required under our decision here, it is inapplicable.[9]

PUBLIC FUNDING OF APPEALS IN "OTHER" CIVIL CASES

The final question before us is whether a civil litigant

---

[9]We recognize that our decision will necessitate changes in RAP 15.2.

who has an alleged property interest which is threatened by a private party has a right to appeal at public expense solely because he or she is indigent.

The party seeking review in the third of these consolidated cases is a worker who claims that exposure to industrial chemicals resulted in an occupation-related illness. Pursuant to RCW 51.52 of the workers' compensation statute, the case was appealed first to the Board of Industrial Insurance Appeals, which found in favor of the worker, and then to the superior court where a jury rendered a verdict in favor of the employer. The worker, who is now indigent, has appealed the verdict to the Court of Appeals and asks that this appeal be funded by the public.

If the worker seeking review in the present case had a statutory or a constitutional right to an attorney, he would be entitled to appeal at public expense, under our construction of RCW 10.101. However, the workers' compensation statute contains no provision for appointment of counsel for indigent claimants.[10] He thus has no *statutory* right to counsel on appeal. He also has no *constitutional* right to counsel on appeal.

In civil cases,[11] the constitutional right to legal representation is presumed to be limited to those cases in which the litigant's physical liberty is threatened, *Lassiter v. Department of Social Servs.*, 452 U.S. 18, 25, 68 L. Ed. 2d 640, 101 S. Ct. 2153 (1981); *Tetro v. Tetro*, 86 Wn.2d 252, 544 P.2d 17 (1975), or where a fundamental liberty interest, similar to the parent-child relationship, is at risk. *In re Luscier*, 84 Wn.2d 135, 524 P.2d 906 (1974) (the right to one's children is a "liberty" interest protected by the due process clauses of the federal and state constitutions); *In re Myricks*, 85 Wn.2d 252, 533 P.2d 841 (1975).

---

[10]The statute does, however, regulate compensation for attorneys representing workers in such proceedings. RCW 51.52.120-.132.

[11]In criminal cases, the right to appointed counsel arises under the sixth amendment to the United States Constitution and Washington Const. art. I, § 22, *amended by* U.S. Const. amend X. *Tetro v. Tetro*, 86 Wn.2d 252, 253, 544 P.2d 17 (1975).

■ ■ Where, as here, the interest at stake is only a financial one, the right which is threatened is not considered "fundamental" in a constitutional sense. *United States v. Kras*, 409 U.S. 434, 445, 34 L. Ed. 2d 626, 93 S. Ct. 631 (1973); *Ortwein v. Schwab*, 410 U.S. 656, 659, 35 L. Ed. 2d 572, 93 S. Ct. 1172 (1973); *Housing Auth. v. Saylors*, 87 Wn.2d 732, 739, 557 P.2d 321 (1976). There is thus no constitutional right to counsel afforded indigents involved in worker compensation appeals.

There are three remaining legal bases under which such a litigant may move for public funding of an appeal. First is RAP 15.2, which requires indigent persons moving for expenditure of public funds to prove the review is sought in good faith, the issues have probable merit, and the party seeking review "is entitled under the state or federal constitution to review partially or wholly at public expense". RAP 15.2(c). Second are statutes which require that, in a civil case in which the Legislature has not provided for a right to counsel, an indigent litigant must either prove a constitutional right to obtain review (RCW 4.88.330) or a constitutional right to a transcript of the trial court proceedings (RCW 2.32.240). Third, where no constitutional right exists, the litigant may attempt to convince this court to use its inherent power to waive fees and costs. The litigant here is unable to meet the burden of proof required under any of these theories.

Under either the rule or the statutes discussed above, a party seeking review must prove a federal or state constitutional right to appeal at public expense.

■ The United States Supreme Court has consistently held that there is no federal constitutional due process right to appeal, even in a criminal case. *Ross v. Moffitt*, 417 U.S. 600, 606, 41 L. Ed. 2d 341, 94 S. Ct. 2437 (1974) (citing *McKane v. Durston*, 153 U.S. 684, 38 L. Ed. 867, 14 S. Ct. 913 (1894)); *Ortwein v. Schwab*, 410 U.S. 656, 660, 35 L. Ed. 2d 572, 93 S. Ct. 1172 (1973) (even in criminal cases, due process does not require a state to provide an appellate system); *see generally* Laurence H. Tribe, *American Constitutional Law* § 16-11, at 1461 (2d ed. 1988).

■ In the state of Washington, Const. art. I, § 22 (amend. X) expressly grants a right of appeal in criminal cases. *Housing Auth. v. Saylors*, 87 Wn.2d 732, 740, 557 P.2d 321 (1976); *Speer v. Roney*, 52 Wn. App. 120, 122, 758 P.2d 10, *review denied*, 111 Wn.2d 1025 (1988). However, there is no comparable right in civil cases, and none can be inferred. *Saylors*, 87 Wn.2d at 740-41.

■ In civil cases, if the right to appeal exists, it is a right which is granted by the Legislature or at the discretion of the court. *Saylors*, 87 Wn.2d at 741. In the present case a right of appeal from the final superior court judgment is authorized by statute, RCW 51.52.140, but is not constitutionally mandated.

■ The fact that the opportunity to appeal has been made available by statute prevents the State from arbitrarily depriving a litigant of access to the appellate system. *See Ford Motor Co. v. Barrett*, 115 Wn.2d 556, 569, 800 P.2d 367 (1990). The State could not limit the resolution of disputes involving fundamental rights to specific judicial avenues and then, by imposing filing fees and other costs, foreclose an indigent person's access to those avenues. *Boddie v. Connecticut*, 401 U.S. 371, 28 L. Ed. 2d 113, 91 S. Ct. 780 (1971). This does not mean, however, that a state acts unfairly because it does not provide counsel and public funding at every stage of every lawsuit. *Ross v. Moffitt*, 417 U.S. at 611.

■ We have held that the rights guaranteed by the equal protection clause of the Fourteenth Amendment and this state's privileges and immunities clause, Const. art. I, § 12, are substantially identical.[12] *Saylors*, 87 Wn.2d at 739; *In re Runyan*, 121 Wn.2d 432, 448 n.14, 853 P.2d 424 (1993). This court in *Saylors* followed the United States Supreme Court's interpretation of the equal protection clause when it held, "If the litigation is in the field of economics and social welfare, and there is no suspect clas-

---

[12]Petitioner Smith does not argue that the state constitutional provision provides broader protection than the federal constitution.

sification, the applicable standard for determining the propriety of imposing fees is rational justification". *Saylors*, 87 Wn.2d at 739 (citing *Ortwein v. Schwab, supra*).

In *Ortwein*, an action brought by welfare recipients whose welfare grants had been reduced by the State of Oregon, the Supreme Court considered the constitutionality of an Oregon statute requiring all civil appellants, including those who were indigent, to pay a $25 filing fee before an appeal would be accepted.

The *Ortwein* Court held the purpose of the fee, which was to assist in operating costs of the court system, was not disproportionate and met the requirement of rationality. *Ortwein*, 410 U.S. at 660. The Supreme Court further held that the Oregon courts did not create a capricious or arbitrary classification by waiving the $25 filing fee for indigent litigants involved in criminal cases, and in civil cases that result in loss of liberty or in termination of parental rights. *Ortwein*, 410 U.S. at 661. Thus, under *Ortwein*, the constitutional rights of the appealing welfare recipients were not violated and the appellants were not entitled to public funding of their appeals. *Ortwein* is indistinguishable from the present case. The expenses related to the appellate process here, like those considered in *Ortwein*, help produce the revenues used to operate the judicial system. RCW 2.32; RCW 36.18. The imposition of fees and costs therefore is rationally justified by the State.

We hold there is no constitutional right to appeal at public expense in civil cases in which only property or financial interests are threatened. Where there is no constitutional or statutory right to counsel at public expense and where there is no constitutional or statutory right to a waiver of fees and payment of costs, there is no right, simply because of the fact of indigency, to appointment of counsel on appeal or to waiver of fees and payment of costs.

This court is sympathetic to the economic difficulties facing those who use our appellate system. As we recognized in *Saylors*, the appellate process is expensive:

We can safely surmise that many litigants who are not to be classified as indigent are still not affluent enough to afford the luxury of an appeal.

Whether the public interest requires that the appellate process be more extensively utilized, and whether the public is willing to finance a greater utilization of it, is a question to be resolved by the legislature. It is certain that this court cannot provide for the financing of appeals in every case of probable merit where the appellant is not able to afford the expense of further litigation, absent a legislative appropriation.

*Saylors*, 87 Wn.2d at 741.

 This court has the inherent power to waive the fees and costs of litigation in civil cases in those *rare* cases where justice demands it. *Saylors*, 87 Wn.2d at 742; *O'Connor v. Matzdorff*, 76 Wn.2d 589, 458 P.2d 154 (1969). We have held that in such cases, a litigant must prove indigency, good faith in bringing the appeal, probable merit of the issues raised and, further, that a miscarriage of justice has occurred. *In re Lewis*, 88 Wn.2d 556, 559, 564 P.2d 328 (1977); *Saylors*, 87 Wn.2d at 743; *Bowman v. Waldt*, 9 Wn. App. 562, 571, 513 P.2d 559 (1973). Additionally, the court, in determining whether to exercise its inherent power, may properly consider not only the interests of the indigent litigant, but the interest of the general public and other affected individuals as well. *Bowman*, 9 Wn. App. at 571.

In the case before us, no miscarriage of justice is alleged which would justify a waiver of fees or expenditure of public funds for this appeal.

To summarize, we hold that where a civil litigant has a statutory right to counsel at all stages of the court proceeding, that right includes a right to counsel on appeal and for the purpose of filing a motion for discretionary review of an interlocutory trial court order. This right to counsel further contemplates a right to public funding of the expenses necessarily incident to effective appellate review. To the extent RAP 15.2 requires proof beyond that

required under this analysis, it is inapplicable. Where a civil litigant is not granted a statutory or constitutional right to counsel at all stages of the proceeding, and where only a financial or property interest is at stake, there is no right to appeal at public expense solely because the litigant is indigent.

The motions for expenditure of public funds filed in *In re Grove* and in *In re Peterson* are granted. The motion filed in *Smith v. National Semiconductor Corp.* is denied.

SMITH and JOHNSON, JJ., and ANDERSEN, BRACHTENBACH, and UTTER, JJ. Pro Tem., concur.

MADSEN, J. (dissenting) — I dissent as to Mr. Grove's case (appeal from the dependency disposition) and Mr. Peterson's case (discretionary review of the interlocutory trial court order) because I do not agree that the Legislature has provided a statutory right to review at public expense in these cases.

The majority's resolution of these two cases is founded on an assumption which does not withstand scrutiny, that is, if a statute provides counsel "at all stages" of a court proceeding, then there is a right both to appointed counsel on appeal or interlocutory discretionary review, and a right to review at public expense. Without this assumption, the entire majority analysis in these two cases unravels.

The majority places heavy reliance on the policy set forth in RCW 10.101.005, which, according to the majority, justifies the conclusion that "if there is a *statutory* right to counsel 'at all stages' of a particular court proceeding, that right should include representation through an appeal as of right". Majority, at 233.

RCW 10.101.005 was never cited by any of the parties. It establishes no substantive rights. It does not provide that the language "at all stages of a proceeding" includes the appellate stage; nor does anything else in RCW 10.101. RCW 10.101.005 is a statute which says that *if there is a*

*right to counsel,* that right is a right to *effective* counsel. That is all the statute says.

The majority fails to adequately consider the impact of RCW 4.88.330 and RCW 2.32.240, statutes which are cited by the parties and which are relevant to these cases.

The majority's conclusion that Mr. Peterson has a statutory right to appointed counsel and review at public expense is strange for another reason: Mr. Peterson *never argues at all* that he has a *statutory* right to appointed counsel to represent him in seeking discretionary review of the trial court's interlocutory order.

The ramifications of the majority's opinion extend far beyond the facts of these cases. Under the majority opinion, indigents' motions for discretionary review must be funded at public expense whenever a statute provides for appointment of counsel at "all stages of the proceeding". This means, for example, that all motions for discretionary review of dependency orders not appealable as of right will be publicly funded regardless of their merits, at the expense of the Indigent Defense Fund.

I believe that examination of the relevant statutes leads to the conclusion that neither Mr. Grove nor Mr. Peterson has a statutory right to review at public expense or to appointed counsel for appellate review. Accordingly, I believe this court should address the significant constitutional issues raised in these two cases.

STATUTORY ANALYSIS

RCW 10.101.005,[1] as the majority itself concedes, does not address whether there is a right to counsel, and plainly says nothing about any right to counsel on appeal or for discretionary review. The statute instead directly speaks to the right to *effective* counsel if, and when, there is a

---

[1]RCW 10.101.005 provides: "The legislature finds that effective legal representation should be provided for indigent persons and persons who are indigent and able to contribute, consistent with the constitutional requirements of fairness, equal protection, and due process in all cases where the right to counsel attaches".

right to counsel in the first place.[2] It has nothing to do with whether there is such a right. It is not surprising that no party cited the statute in briefing to this court, as it simply does not answer the questions before the court.

Moreover, nothing in the definition of "indigent" in RCW 10.101.010(1) indicates that the language "at any stage of a court proceeding" includes appellate review, although the majority relies upon that definition as supporting its conclusion.

In relying on RCW 10.101.005 for a general statement of legislative policy, the majority has failed to recognize that the general statutes expressly addressing funding of indigent appeals require that the existence of a constitutional right to review be judicially determined as a prerequisite to public funding. RCW 2.32.240; RCW 4.88.330. In *Housing Auth. v. Saylors*, 87 Wn.2d 732, 740, 557 P.2d 321 (1976), the court explicitly recognized the public policy expressed in these statutes. If there is no judicially determined constitutional right existing, then there must be *specific* statutory authority for expenditure of public funds for appellate review.

The specific statutes said by the majority to provide for such funding here are RCW 13.34.090 and RCW 71.09.050. In Grove's case, RCW 13.34.090(2) provides for appointed counsel for indigent parents "[a]t all stages of a proceeding in which a child is alleged to be dependent . . . ".[3] In Peterson's case, RCW 71.09.050 provides for appointed

---

[2]It may be questioned whether the statute applies in the absence of a constitutional right to counsel. The statute's language "consistent with the constitutional requirements of fairness, equal protection, and due process" can be read as recognizing the right to effective counsel as it is constitutionally based. Reference to effectiveness of counsel in a constitutional sense would necessarily encompass the constitutional right to counsel. RCW 10.101.005. *See Evitts v. Lucey*, 469 U.S. 387, 396 n.7, 83 L. Ed. 2d 821, 105 S. Ct. 830 (1985) (right to effective assistance of counsel dependent upon constitutional right to counsel). Because I believe the statute simply does not apply in the cases before the court, I do not believe the court need address the parameters of the statute at all.

[3]RCW 13.34.090(1) provides that any party has a right to be represented by counsel in all proceedings under RCW 13.34; RCW 13.34.090(2) addresses appointment of counsel for indigents.

counsel "[a]t all stages of the proceedings under this chapter . . .".

The primary objective in construing a statute is to carry out the intent of the Legislature. *State v. Pacheco*, 125 Wn.2d 150, 154, 882 P.2d 183 (1994). Neither RCW 13.34.090(2) nor RCW 71.09.050 indicates in any way that appellate review is a stage of a court proceeding within the meaning of the statute.

If the Legislature had intended to provide for counsel at the appellate stage, it could have drafted the statutes to this effect. It has, in fact, done so in other statutes where legal representation is concerned. In RCW 7.68.270, the Legislature provided that, notwithstanding other statutory provisions, funds paid to defendants in connection with information about their crimes (for movie rights, for example) may be used for "retaining legal representation at any stage of the proceedings against such person, *including the appeals process*". (Italics mine.) Thus, where the appeals process was intended to be included within the phrase "at any stage of the proceedings", the Legislature expressly so provided. RCW 7.68.270. The absence of any such language in either statute now before this court strongly indicates the absence of legislative intent to include appellate review as a "stage" at which appointed counsel is mandated.

Moreover, the Legislature has expressly distinguished "any stage of the proceedings" from "appeal" in another statute having to do with appointed counsel for indigents. For good cause shown, or in cases involving a crime of widespread notoriety, RCW 36.26.090 provides for the appointment of counsel other than the public defender to represent the indigent accused "at any stage of the proceedings *or on appeal* . . .". (Italics mine.) The language "or on appeal" should not be considered superfluous. *See Cossel v. Skagit County*, 119 Wn.2d 434, 437, 834 P.2d 609 (1992). Manifestly, the Legislature did not intend the language "at any stage of the proceedings" to include an appeal. This court should not assume it meant to do so in either RCW 13.34.090 or RCW 71.09.050.

Moreover, neither Mr. Grove in the dependency action nor Mr. Peterson in the sexually violent predator proceeding cites any other statutory provisions in support of an argument that the respective statutes containing the "at any stage of the proceedings" language include appellate review. In fact, in his petition for review and reply, Mr. Peterson has not argued he has any such statutory rights. RCW 71.09 contains nothing pertaining to seeking discretionary review of interlocutory trial court orders, and thus the language in the statute "at all stages of the proceedings *under this chapter*" is further evidence of legislative intent that such review is not within the meaning of the language "at all stages of the proceedings". (Italics mine.) RCW 71.09.050.

As the State in Mr. Grove's dependency action points out, nothing in RCW 13.34 pertains to appellate review. Thus, not only does RCW 13.34.090 itself not mention an appeal or the appellate stage, nowhere else does RCW 13.34 suggest that an appeal or the appellate stage is included within proceedings as the term is used in RCW 13.34.090. Instead, RCW 13.34.090(2) provides that "[a]t all stages of a proceeding in which a child is alleged to be dependent pursuant to RCW 13.34.030(2)"[4] there is a right to appointed counsel for indigent parents.

Nor do I think that this court should conclude that RCW 13.34.090 implies a right to counsel on appeal. I agree with the majority's observation that "[i]t is the Legislature's prerogative, as the taxing and appropriating branch of government, to determine what actions other than those which are constitutionally mandated will be publicly funded". Majority, at 236. This court should not usurp that legislative function by reading any implication into the statute. Moreover, it is not within the power of the court to add words to legislation. *Vita Foods Prods., Inc. v. State*, 91 Wn.2d 132, 134, 587 P.2d 535 (1978). In my view

[4]RCW 13.34.030 was amended by Laws of 1994, ch. 288, § 1, changing subsection (2) to subsection (4).

it would require adding to the statute to make it read as the majority assumes it reads.

The majority's holding will result in expanded public funding of indigents' legal actions. The majority opinion requires the State to fund both appeals and motions for discretionary review in any case in which the party has a statutory right to counsel at "all stages of the proceeding". This means, for example, that parents in dependency cases would be able to obtain appointed counsel and other public funds to challenge *every* dependency review order, as well as the original finding of dependency. However, most dependency orders are nonappealable orders subject to review only at the discretion of the court. Under RAP 2.2(a) and RCW 13.34.130 an appeal of right lies only as to "the disposition decision following the finding of dependency or to a marked change in the status quo, which in effect amounts to a new disposition". *In re Chubb*, 112 Wn.2d 719, 725, 773 P.2d 851 (1989).

Funding of motions for discretionary review under the majority opinion will include funding for motions for discretionary review of interlocutory orders in all cases where there is a statutory right to counsel "at all stages of a proceeding". Again, such orders are only reviewable at the discretion of the court.

Moreover, under the majority's reasoning, funding and appointment of counsel in such cases is automatic. The indigent need not prove either a constitutional right to review or establish that the claim has probable merit. *See* majority, at 233. While it is true, as the majority opinion says, that the majority of motions for discretionary review are denied, the majority opinion nonetheless requires that filing and arguing the motion be at public expense. Moreover, costs to be paid at public expense include expenses of the preparation of the report of proceedings and clerk's papers, and reproduction of briefs. Majority, at 233-34, 236.

As the majority acknowledges, public funds for all indigent appeals, civil and criminal, are disbursed from

the Indigent Defense Fund, a fund appropriated by the Legislature. Majority, at 228 n.5. Public funding of *all* motions for discretionary review where a statute provides a right to counsel at "any stage of the proceeding" is likely to be at substantial cost to the fund, thus reducing available funds for other cases.

I am at a loss to understand why the majority throws open the coffers of the Indigent Defense Fund where no statute so requires, without regard to constitutional rights or the probable merit of motions for discretionary review.

I do not believe that either Mr. Grove or Mr. Peterson has any statutory right to appointed counsel on appellate review or to review at public expense independent of a constitutional right. Therefore, I believe the court should resolve the important constitutional questions which the parties present.

Although I disagree with the majority's holdings in Grove's case and in Peterson's case, I agree with the majority that RAP 15.2 is not consistent with relevant law. For example, the rule fails to accurately reflect the inherent power of the court to authorize review at public expense.

Unfortunately, after quoting the rule, the majority says: "Under RAP 15.2, therefore, an indigent appellant is entitled to public funding of an appeal, including appointed counsel, if the case is a criminal or juvenile offender proceeding or if it involves the termination of parental rights". Majority, at 231-32. Thus, the majority appears to treat RAP 15.2 as establishing entitlement to public funding of an appeal. Majority at 231-32, 238 (describing RAP 15.2 as a legal basis for public funding of an appeal).

However, RAP 15.2 is not a substantive provision defining the rights to review at public expense and appointed counsel, but is instead strictly procedural. *See* 3 Lewis H. Orland & Karl B. Tegland, Wash. Prac., *Rules Practice*, Author's Comments, at 399 (1991). Because the procedure differs depending upon the basis for seeking public fund-

ing, the RAP differentiates between cases involving crimes, termination of parental rights, and juvenile offenses, in light of decisions recognizing constitutional rights in those areas, and all other cases.

I cannot fault the majority on this point. The rule does purport to reflect substantive law in order to inform as to what must be shown in complying with its procedures and obtaining public funding, and thus has been treated as a source of substantive law. Because the rule does not in fact accurately reflect the law, I agree with the majority that RAP 15.2 needs revision.

Finally, I agree with the majority that where a dispute involves private parties and property rights, there is no constitutional right to appellate review at public expense or to appointed counsel. I therefore do not dissent from the majority's holding that Mr. Smith is not entitled to review at public expense, or to appointed counsel, on his appeal from the jury verdict which resulted in denial of workers' compensation benefits. He also has no statutory right at issue.

For the reasons set forth in this opinion, I respectfully dissent in part from the majority opinion.

DURHAM, C.J., and DOLLIVER, J., concur with MADSEN, J.