

2015 SEP 21 AH 9: 1

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Dependency of | ) | No. 72901-2-I |
| | ) | |
| R.T., a minor child. | ) | DIVISION ONE |
| | ) | |
| THE DEPARTMENT OF SOCIAL | ) | |
| AND HEALTH SERVICES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| M.T., | ) | FILED: September 21, 2015 |
| | ) | |
| Appellant. | ) | |

LEACH, J. — M.T. appeals the trial court's denial of her motion to vacate an order terminating her parental rights. She does not challenge the merits of this decision. Instead, she claims the trial court denied her statutory right to counsel to pursue posttrial relief. Because M.T. never asked the trial court to appoint counsel, she failed to preserve this claimed error. Because she makes no claim the trial court committed a manifest error of a constitutional magnitude, we decline to review her claim.

## FACTS

The Department of Social and Health Services ("the Department") filed a petition to terminate M.T.'s parental rights to her daughter, R.T. On October 28, 2013, after a fact-finding hearing on the Department's petition, the trial court

entered an order terminating M.T.'s parental rights.[1]  Counsel represented M.T. throughout the dependency proceedings.  M.T. did not appeal the termination order.  On April 4, 2014, the court entered an order dismissing the dependency after R.T.'s adoption on March 20, 2014.

Exactly a year after the entry of the termination order, on October 28, 2014, M.T. filed a "Motion for Order to Show Cause re: Vacation of Judgment/Order" in the superior court.  She referred to the dependency cause number involving R.T. and challenged the evidence supporting the termination. M.T., who was incarcerated when she filed her motion, represented herself.  M.T. filed a calendar note, setting the matter for a hearing.  She also requested a telephonic hearing and asked the court to waive the cost of such a hearing due to her incarceration and indigence.

M.T. participated in the hearing by telephone.  M.T. sought to vacate the order of termination under CR 60 and to reinstate her parental rights.  The hearing transcript shows that M.T. did not ask the court to appoint counsel.  M.T. makes no claim that she did.  After the hearing, the court entered an order denying M.T.'s motion, stating, "There is not a basis to vacate under CR 60." M.T. appeals.

---

[1] Shortly thereafter, R.T.'s biological father executed a document consenting to the termination of his parental rights, and the court entered an order terminating his parental rights.  The father is not a party to these proceedings.

ANALYSIS

M.T. claims a statutory right to counsel to assist her with her posttrial motion to vacate. The Department disagrees about this claimed right and also asserts that M.T. failed to preserve this claim of error. We agree that she failed to preserve this claim.

M.T. did not ask that the trial court appoint counsel to represent her on her motion to vacate. As a general rule, appellate courts will not consider an issue raised for the first time on appeal.[2] The Rules of Appellate Procedure likewise provide, in relevant part:

> The appellate court may refuse to review any claim of error which was not raised in the trial court. However, a party may raise the following claimed errors for the first time in the appellate court: (1) lack of trial court jurisdiction, (2) failure to establish facts upon which relief can be granted, and (3) manifest error affecting a constitutional right.

RAP 2.5(a). The appellant has the burden to demonstrate a basis for reviewing an issue raised for the first time on appeal.[3]

In her opening brief, M.T. does not address RAP 2.5 and offers no basis to review her statutory claim for the first time on appeal. She did not file a reply brief. The limited exceptions to the general rule set forth in RAP 2.5(a) do not

---

[2] State v. Kirkman, 159 Wn.2d 918, 926, 155 P.3d 125 (2007).
[3] State v. Grimes, 165 Wn. App. 172, 185-86, 267 P.3d 454 (2011).

apply here. M.T. asserts a statutory right to the assistance of counsel based on RCW 13.34.090(2).[4] She makes no claim of a constitutional dimension.

M.T. now appears to fault the trial judge for not recognizing her indigence and on its own initiative appointing counsel to represent her after the termination order became final, her child was adopted, and the dependency proceeding dismissed. But she never told the trial court that she sought the assistance of counsel. The trial court had no opportunity to consider M.T.'s argument/ that the right to counsel under the dependency statute applies in this procedural context after dependency proceedings have concluded.[5]

M.T. failed to preserve the claim of error and has not carried her burden to establish a basis for review.

We affirm.

_Leach, J._

WE CONCUR:

_Dwyer, J._                    _Becker, J._

---

[4] RCW 13.34.090(2) provides in pertinent part: "At all stages of a proceeding in which a child is alleged to be dependent, the child's parent . . . has the right to be represented by counsel, and if indigent, to have counsel appointed for him or her by the court."

[5] See In re Dependency of Grove, 127 Wn.2d 221, 232-33, 897 P.2d 1252 (1995) (right to counsel under RCW 13.34 includes a right to counsel on appeal in dependency proceeding).

-4-