IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parental Rights to | ) | No. 34105-4-III |
| | ) | (consolidated with |
| M.S. | ) | No. 34106-2-III) |
| | ) | |
| ———————————————— | ) | |
| | ) | |
| In the Matter of the Parental Rights to | ) | UNPUBLISHED OPINION |
| | ) | |
| J.S. | ) | |

PENNELL, J. — C.S. appeals the termination of his parental rights, arguing he received ineffective assistance of counsel. We affirm.

## FACTS

C.S.'s two children were placed in dependency proceedings due to concerns over substance abuse, domestic violence, criminal history, mental health, and inappropriate supervision.[1] C.S. was ordered to undergo a psychological evaluation, an anger

_____

[1] The mother's parental rights were terminated by default and are not at issue in this appeal.

management and domestic violence evaluation, drug and alcohol screening (including urinalysis monitoring), family therapy, and a parenting evaluation. Although C.S. made attempts at complying with services over the course of approximately 19 months, he was largely unsuccessful.

A termination hearing was held in late 2015. Various service providers testified, including a psychologist, domestic violence treatment specialist, probation officer, chemical dependency professionals, family therapist, social worker, and court appointed special advocate (CASA). During testimony from the therapist, social worker and CASA, the State elicited hearsay statements made by C.S.'s children, recounting instances of abuse. The State also elicited testimony from the family therapist that she found allegations of abuse by C.S.'s older child to be "very credible." 1 Report of Proceedings (RP) (Dec. 16, 2015) at 159. In addition, the State's witnesses generally testified that C.S. had failed to progress in services and that termination would be in the children's best interests. The trial court ultimately agreed with this assessment and entered an order terminating C.S's parental rights. C.S. appeals.

## ANALYSIS

C.S. challenges the adequacy of the evidence produced at his termination trial. He claims the State impermissibly introduced hearsay evidence as well as testimony from the

2

family therapist that his oldest child's abuse allegations were "very credible." 1 RP (Dec. 16, 2015) at 159. He also argues the State repeatedly engaged in improper leading questions. C.S.'s attorney did not object to any of the aforementioned errors at trial. Accordingly, the merits of C.S.'s arguments on appeal turn on whether the failure to object constituted ineffective assistance of counsel.

Washington law guarantees the right to counsel in termination proceedings. RCW 13.34.090(2); *In re Dependency of Grove*, 127 Wn.2d 221, 232, 897 P.2d 1252 (1995). An ineffective assistance of counsel claim may be raised for the first time on appeal. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). Such claims are reviewed de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

To demonstrate ineffective assistance of counsel, C.S. must make two showings: (1) counsel's performance was deficient, and (2) counsel's errors were serious enough to prejudice the defendant. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).[2] Under the deficiency prong, counsel's conduct is not considered deficient if it can be

---

[2] The parties have suggested that there are two different tests for an ineffective assistance claim stemming from a termination hearing. One is the *Strickland* standard. The other standard is from *In re Moseley*, 34 Wn. App. 179, 184-85, 660 P.2d 315 (1983). Any difference is largely immaterial. *In re Welfare of J.M.*, 130 Wn. App. 912, 922, 125 P.3d 245 (2005).

characterized as legitimate trial strategy. *Kyllo*, 166 Wn.2d at 863. There is a strong presumption that counsel's conduct fell within a wide range of a reasonable professional assistance. *Strickland*, 466 U.S. at 689. An appellant can rebut this presumption by showing counsel's performance cannot be explained by any legitimate trial strategy. *State v. Grier*, 171 Wn.2d 17, 33-34, 246 P.3d 1260 (2011). Under the prejudice prong, an appellant must show "there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceedings would have been different." *Kyllo*, 166 Wn.2d at 862.

*Child hearsay and family therapist comment*

C.S. contends his counsel was deficient for failing to object to certain alleged hearsay testimony and an alleged improper comment by the family therapist. He argues the resulting prejudice was the trial court entering a termination order that is not supported by substantial evidence of abuse of M.S. and J.S. We disagree.

First, none of C.S.'s counsel's conduct can be characterized as deficient. Decisions on whether and when to object fall firmly within trial strategy. *State v. Johnston*, 143 Wn. App. 1, 19, 177 P.3d 1127 (2007). C.S. has not met the high burden of showing how his counsel's decisions to refrain from objecting to alleged hearsay were not part of a legitimate legal strategy. *See Kyllo*, 166 Wn.2d at 863; *Strickland*, 466 U.S.

4

at 689. As the State points out, there are a number of plausible reasons why counsel abstained from objecting. The record contains substantial evidence of C.S.'s issues with criminality, substance abuse, domestic abuse, child abuse, and mental health problems. Counsel may not have objected in order to deemphasize testimony about C.S.'s past poor choices and behaviors, or it may have been to avoid drawing attention to cumulative evidence of abuse and other issues. This is especially true in light of how the record confirms that C.S.'s counsel effectively cross-examined the State's witnesses throughout the hearing, argued against objections by the State, and tried to emphasize moments when C.S. was compliant with services and expressed love for his children.

Even if C.S. could establish deficient performance, he cannot establish prejudice. When a claim of deficiency is based on counsel's failure to object, a defendant must show that the objection likely would have been sustained to establish prejudice. *State v. McFarland*, 127 Wn.2d 322, 337 n.4, 899 P.2d 1251 (1995). Here, the children's statements regarding abuse to the family therapist and social worker would appear to fall under ER 803(a)(4). Thus, the statements would likely have been admitted into evidence even if counsel had objected. Although similar statements by the children to the CASA and C.S.'s sister would not qualify for admission under ER 803(a)(4), such statements were cumulative and, therefore, not prejudicial.

The only troubling aspect of the testimony complained of by C.S. was the family therapist's testimony that she believed C.S.'s older child. This comment was inappropriate. However, when viewed in the context of the State's overwhelming evidence in support of termination, this error was not prejudicial and does not warrant reversal. *See In re Pers. Restraint of Davis*, 152 Wn.2d 647, 698, 101 P.3d 1 (2004).

*Leading questions*

C.S. points to several specific instances in the record where leading questions were allegedly used and his counsel did not object. C.S. fails to show reversible error. Although State's counsel appears to have walked many of the witnesses through their testimony with leading questions, C.S. cannot show defense counsel's decisions on objections was not tactical, in that it reduced the risk of open-ended questions eliciting further harmful details. It would take an extreme case for the State's use of leading questions to justify reversal of a trial court decision. *See State v. Madison*, 53 Wn. App. 754, 763, 770 P.2d 662 (1989). This is not such a case. The trial court was presented with substantial evidence in support of its findings. There is no reason to think that the form of the State's questions impaired the witnesses' abilities to provide truthful, independent testimony. Viewed as a whole, the record confirms C.S. received a fair trial, as required by due process.

6

No. 34105-4-III; 34106-2-III
*In re Parental Rights to M.S. and J.S.*

CONCLUSION

Based on the foregoing, we affirm the orders of the trial court.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Fearing, C.J.                            Lawrence-Berrey, J.

7