IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

In the Matter of the Dependency of    )
                                        )      No. 33786-3-III
I.W.                                   )
                                        )
                                        )      UNPUBLISHED OPINION
                                        )

KORSMO, J. — A.J. appeals the trial court's decision to restrict his access to his daughter, I.W., to four hours in one weekly visit. The trial court did not abuse its discretion and we thus affirm.

FACTS

The facts of this interlocutory action need not be recited in detail due to the limited issue left for our consideration. Subsequent to the appellant's initial briefing in this case, the trial court issued an order clarifying a previous ruling that had the effect of rendering many issues moot. We address the two remaining contentions related to the visitation issue.

I.W. was born after her older brother, J.W.-J., had been found dependent, and both of their parents had entered into services designed to remedy the conditions that lead to that dependency. I.W. was subsequently determined to be dependent. A.J. successfully underwent drug and alcohol treatment, and also engaged in anger management treatment.

The court directed that A.J. have four hours of supervised visitation with I.W. per week. Because A.J.'s work schedule left him limited opportunities for visitation, the Department of Social and Health Services (DSHS) provided a single weekly four hour session at its visitation room.

Despite the apparently successful drug treatment that lead to clean test results in 2015, A.J. tested positive for methamphetamine use in February 2016, and for methamphetamine, hydromorphone, and hydrocodone in March 2016. DSHS believed he was appearing for visitation while under the influence of drugs or alcohol. Unhappy with the amount of visitation and the location, A.J. sought clarification from the trial court. DSHS filed a brief explaining the underlying facts and the reasons for its actions, including deficiencies in A.J.'s parenting while visiting, his frequent failures to appear, and the positive drug test results. Counsel for A.J. did not respond. The trial court clarified its previous ruling and maintained the supervised four hour weekly visit at the DSHS visitation room.

Unhappy with the result, counsel filed a motion for reconsideration and then withdrew from the case. The hearing was continued for new counsel to come up to speed on the case, but new counsel did not file additional pleadings. The matter proceeded to hearing. The court explained the factual basis for its previous ruling; counsel did not object to the court's explanation of how it adopted those findings. A.J.'s counsel then

2

objected to the visitation location, explaining that A.J. had complaints about the temperature and the amount of toys on the floor of the DSHS visitation room.

DSHS responded to A.J.'s suggestion that visitation be located elsewhere by providing testimony from the social workers about their need to feel safe. Based on A.J.'s past drug use and anger issues, DSHS did not want visitation in a place where there was no provision for the safety of the visitation facilitators. After an outburst by A.J. in court, during which his counsel encouraged him to remain quiet, the trial judge denied the motion to reconsider, stating that his demeanor created a hostile environment for the social workers and that his behavior in court over the course of the dependency hearings indicated that A.J. lacked credibility when arguing that he would provide a safe place for the children.

After the clarification ruling, this appeal proceeded on the issues of the limited visitation and whether trial counsel performed ineffectively related to the visitation question. A panel of this court considered the matter without argument.

## ANALYSIS

The two issues both concern the limited visitation ordered by the trial court. We first consider the merits of the issue before turning to the ineffective assistance allegation.

*Limited Visitation*

The paramount concern of juvenile dependency proceedings is the child's safety and health. RCW 13.34.020. "When the rights of basic nurture, physical and mental

3

health, and safety of the child and the legal rights of the parents are in conflict, the rights and safety of the child should prevail." RCW 13.34.020. Accordingly, appellate courts review the decision to limit, restrict, or deny visitation for abuse of discretion. *In re Dependency of Tyler L.*, 150 Wn. App. 800, 804, 208 P.3d 1287 (2009). Discretion is abused when a decision is manifestly unreasonable or based on untenable grounds. *Id.*

Visitation is the right of the family in cases in which visitation is in the best interest of the child. RCW 13.34.136(2)(b)(ii)(A). "Early, consistent, and frequent visitation is crucial for maintaining parent-child relationships." *Id.* "The supervising agency or department shall encourage the maximum parent and child and sibling contact possible, when it is in the best interest of the child, including regular visitation." *Id.* Visitation may be limited or denied only if the court determines it is necessary to protect the child's health, safety, or welfare. RCW 13.34.136(2)(b)(ii)(C); *In re Welfare of M.R.H.*, 145 Wn. App. 10, 26, 188 P.3d 510 (2008). An express finding of harm is not required if the evidence supports the conclusion that visitation is harmful. *Tyler L.*, 150 Wn. App. at 804. The harm must be an actual risk, not speculation. *Id.* It is the State's burden to prove that limiting visitation is necessary due to a current concrete risk to the child; something more than opinion based on a single incident is necessary to support a finding of risk of harm. *Id.*

The trial court limited visitation to four hours of supervised visits each week at the DSHS office based on uncontested and definite evidence specifically describing A.J.'s

4

physically aggressive interactions with his children during multiple visits, along with evidence that this volatile behavior occurred simultaneously with multiple positive drug tests for methamphetamines. *Id.* Furthermore, A.J.'s consistent canceling of scheduled visits and his underdeveloped parenting skills (demonstrated by his inability to appropriately feed his children, or attend to I.W.'s diapers) showed that it was unsafe to leave the children with A.J. unsupervised. *See M.R.H.*, 145 Wn. App. at 28. Finally, since the visits must be supervised for I.W.'s safety, precautions for the safety of the visitation supervisors are also necessary given A.J.'s anger issues and his on the record frustration with DSHS. The DSHS visitation room is a safe and logical place for the visits because it satisfies all of these criteria.

The trial court had tenable grounds for its decision. A.J. has not demonstrated that the court abused its discretion.

*Effective Assistance of Counsel*

A.J. also argues that both of his trial counsel performed ineffectively regarding the visitation restrictions. Because he cannot demonstrate any prejudicial error, this argument fails.

Parents are guaranteed the right to counsel in dependency proceedings. RCW 13.34.090(2); *In re Dependency of Grove*, 127 Wn.2d 221, 232, 897 P.2d 1252 (1995). An ineffective assistance of counsel claim may be raised for the first time on appeal.

*State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). Such claims are reviewed de

novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

Washington has applied two different standards to allegations of ineffective

assistance to parents in dependency or termination actions. In some instances the Sixth

Amendment standard has been applied. *See Strickland v. Washington*, 466 U.S. 668, 104

S. Ct. 2052, 80 L. Ed. 2d 674 (1984) (attorney failed to perform to the standards of the

profession, resulting in prejudice to client). The other standard is found in *In re*

*Dependency of Moseley*, 34 Wn. App. 179, 184, 660 P.2d 315 (1983). The *Moseley* test

for prejudice resulting from ineffective assistance is whether the hearing was

"meaningful" despite any errors by counsel. *Id.*

A.J. argues that his original attorney erred in not contesting the evidence at the

clarification hearing and that his new attorney erred by relying solely on the written

materials submitted in support of the reconsideration motion. Assuming that his

arguments are correct, they do not avail him under either ineffectiveness standard

because he has not shown that he had any other significant information that was not put

before the trial court.

A.J. certainly had a meaningful hearing under *Moseley* since he was able to set

forth his complaints about the condition of the meeting room. Similarly, he suffered no

prejudice under the *Strickland* standard since he was able to present those same concerns.

Critically, A.J. has failed to demonstrate that he had any additional evidence or new

6

argument that he was unable to make to the trial court.[1] Accordingly, he can make no showing that his counsel harmed him in any manner. The trial court allowed his new evidence and argument at the reconsideration hearing and did not prevent A.J. from bringing any additional concerns he may have had. In this circumstance, there was no harm to A.J.'s case even if his attorneys had failed him.

A.J. has not demonstrated that he received ineffective assistance from his attorneys. Accordingly, the trial court's clarification ruling is affirmed.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Lawrence-Berrey, A.C.J.

_____
Pennell, J.

---

[1] Since the dependency is on-going, the trial court remains free to modify the conditions if there is a new factual basis for doing so.